## Charles F. Ruggles v. Michael Fay.

*Evidence: Statements of agent: Past transaction: Hearsay: Res gestæ.* In an action to recover the value of a horse which had been hired to go a journey and died before his return, evidence of the statement of the driver to a third person, that he supposed the horse had been driven too hard the day before, but that he had driven according to instructions, is held inadmissible and mere hearsay; such statement was a narrative of a past transaction and not made while in the performance of any duty calling for it, and it was therefore no part of the *res gestæ.*

*Hired horses: Overdriving: Injuries: Distance, time, and driver agreed upon.* The owner of a horse which he has let to go a specified journey within a given time cannot recover for the loss of the horse where it was driven only in the time, and by the way, and by the driver agreed upon, if its death results from its being over-tasked to accomplish only that which such owner contracted for it to perform.

*Hired horses: Care: Prudence: Innkeepers: Negligence: Question of fact.* One who has hired a horse is bound to use such prudence and foresight in the care of the animal as is usual under the circumstances, and no more; and whether it would be prudent for the driver to entrust it without further attention to the care of an innkeeper, with whom he put up as a guest, depends much upon circumstances and the customs of the place, and should be left as a question of fact for the jury to determine upon the whole facts of the particular case.

*Hired horses: Care and attention: Driver agreed upon: Negligence: Innkeepers: Hostler.* One who hires horses and entrusts them to the care and attention of a driver agreed upon by the owner, is liable for the negligence of such driver only, and not for that of an innkeeper or his hostler, to whom such driver without negligence has entrusted them.

*Submitted on briefs January 7.     Decided January 12.*

Error to Manistee Circuit.

*Ramsdell & Benedict,* for plaintiff in error.

*Dovel & Morris,* for defendant in error.

CAMPBELL, J.

Fay recovered judgment against Ruggles for the value of a horse, hired by the latter for a journey from Manistee to Pentwater, and not returned. The horse died the next day after reaching Pentwater, and the loss was claimed to have occurred from neglect in proper treatment, or from overdriving, or from both.

The defendant Ruggles obtained a team of two horses and a sleigh, on the 31st day of January, 1874, to take himself and B. M. Cutcheon to Pentwater, and Ruggles was to provide a driver. The off horse had a light attack of epizootic in November, but was then apparently well. One McLaughlin acted as driver. They reached Pentwater the latter part of the same day, which was cold. The driver took the team to the barn, where they were taken in charge by the hostler. The horse in question was not long after their arrival discovered to be sick. There was a conflict of testimony as to the conduct of the driver. The horse died the next day.

Evidence was received against objection, that on the morning after their arrival McLaughlin said "that he supposed the horse had been driven too hard from Manistee the day before, but that he had driven according to instructions." This remark was sworn to by a person whom he had sought to employ as a farrier, and who went with him to employ another.

We think this was inadmissible. It was a statement by a third person and not by the defendant, and was a narrative of a past transaction. It comes within the principle of *Michigan Central R. R. Co. v. Coleman, 28 Mich. R., 440*, and is a stronger case than that, because here the statement was not made on the same day; and it is no part of the *res gestæ,* because the person making it was not in the performance of any duty which called for it. The testimony was hearsay and improper.—See also *Packet Co. v. Clough, 20 Wall., 528.*

Objection is also taken to the action of the court in charging and refusing to charge on the questions of negligence.

The court refused a request to charge, that when the team was entrusted to the innkeeper,—the driver putting up at the inn,—the innkeeper became responsible for careful keeping, and if the horse died through his neglect, defendant would not be liable.

He also refused to charge, that unless the horse died from being overdriven, the jury should find for defendant. And· he did charge, that if the horse was improperly cared for and died in consequence of negligent treatment at Pentwater, plaintiff should recover.

He refused further to charge, that if the jury should find the horse was driven in the time, and by the way, and by the driver agreed upon, and was overdriven because his master agreed that he should perform a greater service than he was equal to perform, the plaintiff could not recover.

There was claimed to be evidence from which it might be found that the plaintiff below was informed that the defendant below must reach Pentwater by a given time to take the cars, and it was urged that defendant could not be held responsible if he did no more than was contemplated. If this were so, the charge should have been given. The owner of the team cannot complain of parties who do no more than was agreed upon. There is nothing to show that defendant had any more reason to spare the horse that died than the horse that was not injured, and if there were such a showing, although no one can be justified in cruelty to animals, the owner of the horse could not complain of what he had agreed upon.

We think also, that the charge given did not present the question of liability correctly. There can be no doubt but that where persons hold out themselves to the public as innkeepers and owners of inn-stables, it is very generally to be expected that horses may be safely trusted to their care. Whether it would be prudent to do so in a given case must depend upon circumstances. McLaughlin, representing Ruggles, was bound to use such prudence and oversight as would be usual under the circumstances, and no more. He should have paid such attention ·to his horses as travelers generally might be expected to pay. If there was any thing which would fairly lead him to regard it as unsafe to trust to the hostler's care, he should have

used more diligence than would have been otherwise required. The customs are so different in different places, and the accommodations and servants vary so much, that the only safe rule is to leave it to the jury to determine on the whole facts whether or not there was any failure on the part of the defendant, or his servant, to do what he should be expected to do, as a man of common prudence.

The charge treated the defendant as liable, not only for McLaughlin's neglect, by which he was bound, but also for that of the hostler or innkeeper, by which he was not bound, unless there was good reason to consider him unreliable.

The judgment must be reversed, with costs, and a new trial granted.

COOLEY, J., and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.