### GREGORY HOFER v. SAMUEL F. HODGE.

*Bailment for hire—Ordinary care—Master and servant.*

Where the owner of a team, after hiring it out and binding himself to furnish a driver, makes a temporary arrangement with the other party whereby the latter takes the team into his own charge and promises to furnish a driver himself it he has occasion to use it, the transaction, being for the benefit of both parties, amounts to a bailment for hire, and the party in possession of the team is bound to take such ordinary care of it as a prudent owner would take. And the driver whom he furnishes is his servant and not that of the owner of the team.

Error to Houghton. (Williams, J.) Jan. 8.—Jan. 15.

CASE. Defendant brings error. Affirmed.

*T. L. Chadbourne* and *Lillibridge & Latham* for appellant.

*Chandler & Grant* for appellee.

CHAMPLIN, J. The plaintiff brought an action against the defendant to recover the value of a horse, harness and damages to a wagon, under the following circumstances: On the 26th day of September, 1882, and for some time prior thereto, the defendant was the owner of and operated

a foundry and machine shop situated on the shore of Portage lake in the county of Houghton. Plaintiff was under a contract with defendant to do certain team work for him at his foundry, in the execution of which he employed his horse, harness and wagon. He also furnished a teamster to drive the horse. This contract to do teaming was from month to month. On the 26th of September, 1882, his teamster being sick, he took his horse and wagon to the office of defendant and informed defendant's agent of the fact of his teamster's illness. The plaintiff testifies that Mayworm, the defendant's agent, told him to leave the horse there and they would take care of him; that probably they would not use him; but if they did, they would find a driver themselves. Mr. Mayworm says he told the plaintiff that he could drive the horse up and if they found they had to do any driving they could, as he suggested, let one of their men go along and do the driving; they could accommodate him to that extent.

Having occasion to use the horse to draw some castings, the agent took an employee from the shop and directed him to drive the horse. The testimony shows that this person was incompetent to have the care and management of a horse; that he was inexperienced in driving horses, and so informed the agent, Mayworm, at the time. He says he told Mr. Mayworm that he had never driven a horse but once before. The record discloses the fact that the castings to be hauled were situated on the dock and within a few feet of the waters of the lake; that to receive the load it was necessary to back the horse and wagon within about three feet of the water; that there was no protection along the margin of the dock to prevent the horse and wagon from being backed into the lake. The person selected by defendant's agent proceeded to do the work designated, and having hauled one load, in placing his wagon in position for another backed the horse off from the dock into the lake and the horse was drowned.

There was a verdict and judgment for the plaintiff in the court below and defendant assigns error here. There are

twenty-two assignments of error, seventeen relating to errors in the admission or exclusion of testimony, and five to the action of the court in charging the jury.

We perceive no error either in the admission or exclusion of testimony.

The main contention, aside from the question of negligence, was whether, under the facts above stated, the driver in charge of the horse at the time of the accident was the servant of the plaintiff or that of the defendant.

The defendant's position is that the plaintiff, being himself employed under a contract to do the work in the execution of which the accident happened, the person selected by the defendant was, under the circumstances, the servant of the plaintiff; that in the light of the contract it was merely an act of accommodation to plaintiff, and that defendant assumed no risk or liability in respect thereto.

We do not think this is a correct view of the law. It is true that defendant was under no obligation to furnish a driver for plaintiff or to assist him in any manner in carrying out his contract with him. But when the defendant received the horse and wagon in his possession and put them to use in his business, it was incumbent upon him to use them with ordinary care and to furnish a competent person as driver. And we think that, under the facts of this case, the driver employed at the time of the accident was clearly the servant of the defendant. He was subject to his direction and control, could be withdrawn or not from that duty at his option, and his possession of the property in question must be deemed the possession of the defendant while engaged in the defendant's business.

Complaint is made that the judge charged the jury that the degree of care required of defendant, Hodge, or his authorized agent in this business, was ordinary care, caution and prudence; that he was held to that degree of care, caution and prudence that an average man of good sense exercises about his own affairs; and counsel for defendant insists that the court should have charged the jury that slight care was all that was required of the defendant upon the plaintiff's own theory of the case.

The charge of the court was correct.  The bailment being beneficial to both parties, the duty of the defendant in keeping the property was substantially the same as in a bailment for hire.  He was bound to keep and preserve the property with ordinary care—that care which a prudent man ordinarily takes of his own property.  This duty called upon him to select a careful and competent driver if he saw fit to employ the property in his own use.

We think the case was fairly submitted to the·jury by the court and we find no error in his rulings, and

The judgment is affirmed with costs.

The other Justices concurred.