| 61 | 275 |
| s28NW | 114 |
| 133 | 169 |

## GEORGE DONLIN v. NATT McQUADE.

*Skating rink—Proprietor who receives skates from his patrons, giving check therefor, is liable as a bailee for the property—Failure to deliver the skates on demand of bailor and surrender of check, on the ground of his inability to find them, is a conversion for which trover will lie for their value.*

Plaintiff left his skates with the agent of defendant in charge of his skating rink on the last night of the season, receiving a check therefor, as on former occasions, and as was the custom with patrons of the rink. He afterwards demanded the skates of defendant, presenting his check, and was informed that they were not there, but that he could have them if they were. Plaintiff then demanded their value, and defendant caused a search to be made, and claimed not to be able to find them.

*Held,* in an action of trover for the value of the skates, that the defendant was bailee of the property, and under the *circumstances* it was his duty to preserve and deliver it to the owner on demand and presentation of the check given therefor; that his failure to do so for the reason given was a sufficient conversion to sustain trover for its value.

Error to Wayne. (Chambers, J.) Argued April 27, 1886. Decided April 29, 1886.

Trover. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Stewart & Galloway*, for appellant :

The case shows a bailment for the mutual benefit of both parties, and is closely analogous to that of an inn-keeper in keeping his guests' baggage. There is a consideration for its safe keeping, if a check is given therefor, though no specific charge may be made. The duty of a railway company to care for the baggage of the passenger is also analogous.

The defendant's obligation was equal to that of a bailee for hire : *Hofer v. Hodge*, 52 Mich. 375 ; and it was his duty to return the skates on demand.

His duty was certainly equal to that of a warehouseman : *Bissell v. Starr*, 32 Mich. 299.

The statement of defendant that he could not give the skates to plaintiff because he did not have them, they not being at the rink, was a distinct refusal, or the equivalent thereof : *Ingersoll v. Barnes*, 47 Mich. 107.

A demand from and refusal by a bailee is evidence of conversion by such bailee : *Daggett v. Davis*, 53 Mich. 38, and cases cited. Also see *Bates v. Stansell*, 19 Mich. 91 ; *Johnston v. Whittemore*, 27 Id. 463 ; *Bissell v. Starr*, 32 Id. 298 ; *Edwards v. Frank*, 40 Id. 616 ; *Hicks v. Lyle*, 46 Id. 488–9.

*Israel T. Cowles* and *W. L. Carpenter*, for defendant :

The act of a bailee amounting to a conversion must be known by him to be inconsistent with the bailment : Cooley on Torts, 450 ; and such an act must be shown in this case to warrant a recovery, as, for example, a demand and refusal, with *ability* on defendant's part to *deliver* the property, which ability may be presumed from the delivery ; but if it appear, as in this case, that it was not in defendant's *power* to comply with the demand, the property not being in his possession or under his control, the demand and refusal are not sufficient evidence of a conversion : Cooley on Torts, 454 ; *Smith v. Young*, 1 Camp. 439 ; *Packard v. Getman*, 4 Wend. 613 ; *Dearbourn v. Union Nat. Bank*, 58 Me. 273–5 ; *Hill v. Covell*, 1 N. Y. 522.

Mere omission of duty or negligence is not sufficient to establish such conversion ; there must be some *active* misfea-

sance on the bailee's part in relation to the property: *Ross v. Johnson,* 3 Burr. 282–5; *Stephenson v. Hart,* 4 Bing. 476; *Packard v. Getman,* 4 Wend. 613; *Hallenbake v. Fish,* 8 Id. 547; *Hawkins v. Hoffman,* 6 Hill, 586; *Scovill v. Griffith,* 12 N. Y. 515; *Dearbourn v. Union Nat. Bank,* 58 Me. 273; Cooley on Torts, 450; *Bowlin v. Nye,* 10 Cush. 416; *Salt Springs Nat. Bank v. Wheeler,* 48 N. Y. 492.

If the action were case for a loss by negligence, it could not be maintained, for where the evidence tends equally to show loss by the bailee's negligence, and in a way for which he is not liable, as theft by his servant, a verdict against him is necessarily wrong: *Foster v. Essex Bank,* 17 Mass. 479; *Smith v. Nat. Bank of Westfield,* 99 Id. 605; *Dearbourn v. Union Nat. Bank,* 58 Me. 273.

CHAMPLIN, J. Plaintiff brought trover against defendant, and showed that, in 1884, the defendant was the proprietor of the Detroit Roller Skating Rink, and on the last night the defendant's rink was open for the season of 1884, plaintiff left his skates with defendant by delivering them to Mr. Mc-Connell, whom defendant had in charge of the skating-room at his rink, and received from him a check for said skates, as was done on previous occasions, and as was the custom with patrons of the rink; that he thereafter went and demanded his skates from the defendant, and presented his check therefor; that defendant stated that he did not have them,—that the skates were not there and he could not give them to him, but he could have them if they were there; afterwards plaintiff demanded the value of the skates, and defendant said they were not there; that defendant caused search to be made for the skates, and afterwards said he had not got them, because he could not find them.

After proving the value of the skates plaintiff rested.

Defendant testified in his own behalf that he recollected the plaintiff calling on him for the skates; that he looked over all the skates he had, and Mr. Donlin's were not among them; that he knew Mr. Donlin's skates, as they had Donlin's name stamped on them, and so told Donlin they were not there,—that if they were, Donlin could have them.

Upon this testimony the circuit judge directed a verdict for the defendant.

This was error.

The defendant was bailee of the property, and under the circumstances it was his duty to preserve the property, and deliver it to the bailor on presentation of the check and demand therefor. His neglect to do so, simply for the reason that he could not find it, was a conversion for which the action of trover will lie.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.