FRAAM *v.* GRAND RAPIDS & INDIANA RAILWAY
COMPANY.

1. BAILMENTS — NEGLIGENCE — CONSIDERATION — INADEQUACY —
   MUTUAL BENEFITS—STORAGE—WAREHOUSEMEN.
   In receiving and checking for redelivery at the same station,
   on demand, a suit case of a prospective passenger, for a fee
   of five cents, a railroad company becomes a bailee for mutual
   benefit, not for the sole benefit of the bailor, and is liable for
   failure to exercise ordinary care.

2. SAME—CARE—BAILEE FOR MUTUAL BENEFIT.
   Ordinary care means such care as ordinarily prudent men, as a
   class, would exercise in caring for their own property under
   like circumstances, and whether it is exercised or not is a
   question of fact for the jury, under proper instructions, where
   the suit case was not returned to the owner and could not be
   found.

3. SAME—CARRIERS—BAGGAGE.
   In so receiving and checking a parcel not to be carried, the
   railroad company acted as a warehouseman and not as a
   carrier of baggage.[1]

4. SAME—BURDEN OF PROOF—EVIDENCE—PRESUMPTIONS.
   By showing the deposit of the property and neglect by defend-
   ants to return it on demand, the plaintiff cast upon the de-
   fendant the burden of exonerating itself from the negligence
   presumed by law from the facts.

5. SAME—DIRECTING VERDICT.
   Under testimony that the room in which the suit case was
   checked remained unattended for five or ten minutes at a
   time while three trains arrived and departed, the question of
   the bailee's negligence was properly left to the jury.

6. CONTRIBUTORY NEGLIGENCE.
   The fact that the plaintiff intended to depart in a couple of
   hours, and failed to inquire for the checked parcel until he
   reached his destination, is not evidence of contributory neg-
   ligence.

---

[1] As to liability of carrier for loss of property in check room, see
note to *Terry* v. *Southern R. Co.* (S. C.), 18 L. R. A. (N. S.) 295.

7. SAME—NOTICE OF VALUE.
  Instructing the agent of the bailee that the suit case contained
    lots of goods and to be careful, followed by an assurance to
    plaintiff that the company would be responsible, was suffi-
    cient notice of the value.

Error to Kent; Perkins, J.   Submitted April 13, 1910.
(Docket No. 100.)   Decided June 6, 1910.

Trover by George Fraam against the Grand Rapids &
Indiana Railway Company.   A judgment for plaintiff is
reviewed by defendant on writ of error.   Affirmed.

*James H. Campbell*, for appellant.

*Powers & Eardley*, for appellee.

On September 26, 1908, at about 2 o'clock p. m., plain-
tiff, who was engaged in selling oriental goods, which he
carried from place to place in a large suit case, entered
defendant's station at Kalamazoo intending to take de-
fendant's train to Grand Rapids.   Upon inquiry, he found
that the next train he could take would not leave until
4:20 p. m.   Thereupon, he took his suit case to the bag-
gage room in defendant's station and asked if he might
leave it there until his train left.   He was told by the at-
tendant that he would have to check it, which he did, pay-
ing five cents and receiving in return a parcel check.   He
then left the depot, and spent the intervening time visit-
ing with a fellow countryman near the Michigan Central
depot.   Defendant's train coming into this depot, plain-
tiff boarded it there for Grand Rapids, leaving his suit case
at the Grand Rapids & Indiana parcel room.   Upon his
arrival at Grand Rapids at 5:45 p. m., plaintiff went to
the baggageman, showed his parcel check, and asked if
the suit case would be forwarded to him at Grand Rapids.
He was assured it would be there next morning.   It was
not forwarded next morning, nor at any time thereafter.
Plaintiff then went to Kalamazoo and made a demand for
the suit case, but did not receive it.   Defendant caused a

careful search to be made, but the article could not be found, and has never been returned to its owner.

Plaintiff testifies that at the time he deposited his suit case with defendant's employé, he said to the baggage-man:

" ' Be very careful, there is lots of goods here in that suit case.' He said, ' Well, did you have it checked ? ' I said, ' Yes.' ' Well,' he said, ' you can have the company responsible for the suit case, don't you care; don't you be afraid.' "

Defendant, at the trial, admitted the receipt of the property and offered no evidence tending to show what had become of it, except that it could not be found. Plaintiff, having recovered a judgment in a suit in trover, defendant has removed the case to this court by writ of error.

BROOKE, J. (*after stating the facts*). It is contended by defendant that, in assuming to take charge of plaintiff's suit case, it acted solely for the convenience of the plaintiff, and became bailee of his property for accommodation, and not for hire. That, therefore, defendant would not be liable except for wilful conversion or gross negligence.

We cannot agree with this view of the relations between the parties. It may be true, as urged by defendant, that the fee charged (five cents) for the service performed is not much in excess of the value of the check attached to the article, but we are, nevertheless, of the opinion that the insignificant amount of the charge cannot control the status of the parties. Defendant held itself out to plaintiff as willing to take charge of his property, and to redeliver it to him on presentation of the check. It demanded a certain compensation, which plaintiff paid. That this compensation was small is of no consequence. Its adequacy was a matter for the determination of the parties, and they having agreed, the courts will not interfere. *Newhall* v. *Paige*, 10 Gray (Mass.), 366. Moreover, the small fee charged may not be the only con-

sideration moving from plaintiff to defendant.   Railways commonly maintain parcel rooms at their depots in considerable cities, where passengers and others may, for a nominal charge, have their belongings cared for.   This service is performed not only for the accommodation of the person using it, or the immediate profit arising therefrom, but may, and probably does, result in increased patronage of and profit to the road, because of the knowledge of the traveling public that such service is afforded. This service is not rendered by the railroad company in its capacity as a common carrier, for the articles are not checked for transportation, but for safe-keeping and redelivery at the place of deposit.   In this phase of its activity, the company acts rather in the capacity of a warehouseman, who, for compensation, receives and stores the goods of another.

The contract of bailment here under consideration is one for the mutual benefit of the parties, and the bailee thereunder was bound to exercise ordinary care of the subject-matter of the bailment, and is liable for ordinary negligence.   Ordinary care means such care as ordinarily prudent men, as a class, would exercise in caring for their own property under the like circumstances, and whether it is exercised or not is a question of fact for the determination of the jury, under proper instructions.   *Hofer* v. *Hodge*, 52 Mich. 372 (18 N. W. 112, 50 Am. Rep. 256); *Ruggles* v. *Fay*, 31 Mich. 141; 3 Am. & Eng. Enc. Law (2d Ed.), p. 744.

Defendant's fourth request to charge is as follows:

"It having been shown that the goods were stolen, the burden was thereby placed upon the plaintiff to prove want of due care by the defendant.   There being no proof of want of such due care by the defendant, your verdict must be, 'No cause of action'" (citing *Knights* v. *Piella*, 111 Mich. 9 [69 N. W. 92, 66 Am. St. Rep. 375]).

This instruction was properly refused.   The record is absolutely barren of evidence tending to show a theft of the suit case, unless the fact that it could not be found is

to be treated as such. In *Baehr* v. *Downey*, 133 Mich. 163 (94 N. W. 750, 103 Am. St. Rep. 444), this court said:

"Under these circumstances, plaintiffs made out a *prima facie* case by showing the property in the defendants' possession, and refusal or neglect to return on demand. The *onus* of exoneration was then upon the defendants. 3 Am. & Eng. Enc. Law (2d Ed.), p. 750. The rule as there stated is that, when the chattels are not returned at all, the law presumes negligence, and casts upon the bailee the *onus* of showing he was not negligent" (citing *Knights* v. *Piella, supra; Donlin* v. *McQuade*, 61 Mich. 275 [28 N. W. 114]).

The evidence given by defendant's witnesses shows that the room in which the suit case was placed was left unattended for five or ten minutes at a time when trains arrived and departed, if any baggage had to be placed thereon. Three trains left the depot during the afternoon. We think the question of the negligence of the defendant was, under the evidence, a proper one for the jury, and that the jury were properly instructed in relation thereto.

It is urged by defendant that plaintiff was negligent in failing to notify the baggageman of the value of the suit case, and in not calling for it at 4:20. As to the first point, we believe that his conversation with defendant's servant (if true) was sufficient to warn defendant that the article was of considerable value. He instructed the man to be very careful as there were lots of goods in the case, and received the assurance of defendant's agent that the company would be responsible and that he need not worry. Touching the second point, it appears that he did make inquiry of defendant about four hours after he had deposited the suit case. It cannot be said that this delay is any evidence of negligence on the plaintiff's part.

The other errors assigned have been considered, but require no discussion.

The judgment is affirmed.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.