PESOLA v. FORSTEN.

1. BAILMENTS—ANIMALS—HORSES—DUE CARE.

The bailee of a horse for hire, to be used in a lumber camp, was under obligation to the bailor to see that the horse was used and treated with reasonable care, and in the way in which such animals are ordinarily treated by prudent men, who own or have them in charge.

2. PLEADING—TRESPASS—CASE—DISTINCTIONS ABOLISHED.

Since the passage of Act No. 77, Pub. Acts 1905 (5 How. Stat. [2d Ed.] § 13114), the distinction between trespass and case no longer exists, and a declaration framed in case for failing to place the horse in the hands of a competent driver and to treat it in a reasonably prudent and safe manner or to protect the same from brutal treatment, so that .the animal became sick because thereof and died, stated a cause of action.

3. MASTER AND SERVANT — BAILMENTS—ANIMALS — CRUEL TREAT-MENT—PRINCIPAL AND AGENT.

Where it appeared from the evidence that defendant's servants punished plaintiff's horse with a stick six or seven feet long and two inches in diameter and struck her on another occasion with a cant hook, and again with a log chain, not because of vicious conduct on the part of the animal, but because of the fact that she was slow and they wanted to expedite the work, the tort was not committed out of the line of the servant's employment and the defendant was liable and could not avoid responsibility, on the theory that the wrong was wilful and intentional and not within the scope of the servant's authority.

Error to Chippewa; Hudson, J. Submitted November 11, 1913. (Docket No. 87.) Decided July 25, 1914.

Case by Matt Pesola against Victor Forsten for negligent injuries to plaintiff's mare. Judgment for plaintiff. Defendant brings error. Affirmed.

*F. T. McDonald,* for appellant.

*A. E. Sharpe,* for appellee.

BIRD, J. Plaintiff sued and recovered a judgment against the defendant in an action on the case for the loss of a mare which died while being used by defendant in his lumber camp near Trout Lake. It was the claim of plaintiff that the mare died as the result of cruel and brutal treatment inflicted by the servants of defendant. The defense contended that she died from natural causes. When plaintiff's counsel had

concluded his opening statement to the jury, defendant requested a directed verdict on the ground that neither the declaration nor the opening statement of counsel stated a cause of action. The request was refused, and error is assigned thereon.

The negligence counted upon in the declaration was the failure of defendant to place the mare in the hands of a "competent, careful, and prudent driver;" "to treat and use the mare in a reasonably prudent, careful, and sane manner;" "to protect her from cruel and brutal treatment and from intentional injury by her driver." It is further alleged that she became sick and afterwards died in consequence thereof. If the defendant was using the mare in his lumber camp under an arrangement for hire, as the proof shows, he was under obligation to the plaintiff to see that the mare was used and treated with reasonable care, and in the way in which such animals are ordinarily treated by prudent men who own or have them in charge, and, if he failed to observe this obligation, he would be liable for the subsequent loss which was traceable to such failure. *Hofer* v. *Hodge*, 52 Mich. 372 (18 N. W. 112, 50 Am. Rep. 256).

In pressing his argument that no negligence is alleged or stated, defendant reminds us that the action is "trespass on the case" and not "trespass." If we concede that trespass would have been the more appropriate action, it is of no importance, since the statute gives plaintiff the right to bring an action on the case wherever trespass could be maintained. Act No. 77, Pub. Acts 1905 (5 How. Stat. [2d Ed.] § 13114). The trial court was of the opinion that the declaration stated a cause of action, and we think there was no error in so holding.

Again, at the close of the testimony, defendant requested a directed verdict. The reason assigned therefor was that the proofs failed to disclose any negligence on the part of the defendant. There are

several assignments of error, and most of them are directed to this point. To support this contention, counsel insists that the testimony shows that the cruel and brutal treatment of the mare was wilful and intentional, and for such conduct on the part of the servants the defendant would not be liable.

The testimony shows that on one occasion the mare was punished with a stick, six or seven feet long and two inches in diameter; on another occasion, she was struck with a cant hook; on still another, with a log chain. It does not appear, however, that she was punished because she was vicious, but a fair inference from the testimony is that she was maltreated in these ways because she was slow in working and walking, and that the punishments were inflicted to hasten her movements, and the testimony furnishes inferences that she died from the effects of this rough usage. The argument that the acts were wilful and intentional on the part of the servants, and in consequence thereof the defendant is not liable therefor, we do not think can be maintained under the circumstances disclosed by this record. The acts were committed by the servants while in the employ of the defendant, and while engaged in the work they were employed to do, and evidently for the purpose of expediting that work. It does not appear from the testimony to be a case where the servant turns aside from the work of the master for the moment, and commits an intentional tort on his own personal account, but rather a case where the servant, while in the direct line of his work, loses his patience with the animal over which he has control, and inflicts punishment because she is so slow in doing her part of the master's work.

The trial court explained to the jury the law on this phase of the case, and instructed them under what circumstances the defendant would be liable for

the acts of his servants and left it to them to decide whether the punishments inflicted were wilful and intentional. In so doing he said to them, in part:

"It is the law that, for a positive wrong, beyond the scope of the master's business, that is, as applied to a case of this kind, where the servant actually and intentionally, stepping aside from the scope of his employment, from the work in which he was engaged, intentionally and recklessly and wantonly committed an injury on this mare, then the defendant is not responsible for the act of the servant so committed. But when the wrong arises merely from an exercise of authority, such as overdriving or beating this horse to urge it to greater effort and higher speed, in furthering Mr. Forsten's interest while hauling or skidding his poles or other timber, and Mr. Forsten received the benefit of that labor, then he must be held liable as fully as though he himself committed the act complained of."

We are of the opinion that this part of the charge was more favorable to defendant than he was entitled. This was a bailment for hire, and the degree of care that is required is that care which an ordinarily prudent man exercises with his own. If he or his servants failed to exercise that degree of care, and in consequence thereof damage resulted to the mare, the defendant would be liable, and this would be true whether the failure of the servants to exercise such care while acting within the scope of their employment was wilful and intentional or otherwise. In either event it would be the act of the bailee. 5 Cyc. pp. 185, 186; Schouler on Bailments and Carriers (3d Ed.), §§ 19, 20; *Hofer* v. *Hodge,* 52 Mich. 372 (18 N. W. 112, 50 Am. Rep. 256).

We think there is no merit in the remaining assignments of error.

The judgment is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.