GRIFFIN v. SMITH. (No. 2187.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 16, 1919. Rehearing Denied Jan. 8, 1920.)

1. BAILMENT ⇒12—ORDINARY CARE REQUIRED ON DELIVERY OF COTTON TO HOLD UNTIL CALLED FOR.

Where plaintiff left two bales of cotton with defendant, the bales being accepted by defendant's agent for storage to be held until plaintiff should call for them, alleged to have been received only for plaintiff's convenience, and receipt stating it was not a public warehouse, a bailment resulted, requiring defendant to exercise ordinary care to hold and return the cotton.

2. BAILMENT ⇒31(3) — EVIDENCE SHOWING BREACH OF DUTY TO HOLD AND RETURN.

Evidence held to show conclusively a breach of defendant's duty as bailee of cotton to hold the bales for plaintiff as agreed, and to return them on demand.

Appeal from Bowie County Court; J. B. Lytal, Judge.

Suit by T. N. Griffin against C. F. Smith. From judgment for defendant, plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Dorough, Crumpton & Lincoln, of Texarkana, for appellant.

O. B. Pirkey, of New Boston, for appellee.

LEVY, J. The appellant brought the suit to recover the value of two bales of cotton, alleging the breach of a contract on the part of the appellee to hold and deliver the said cotton on appellant's demand therefor. The defendant pleaded denial, and specifically that the cotton was left by the plaintiff on the cotton platform of the defendant merely for the convenience of the plaintiff until he should see fit to remove same, and that the defendant never at any time took charge or exercised any authority over the cotton. The case was submitted to the jury on two certain issues, and judgment was entered for the defendant. Appellant predicates error on the refusal of the court to give a peremptory instruction. The pleadings and evidence present, we conclude, when properly considered, a case of ordinary bailment. The appellee maintained a cotton platform for profit, charging 20 cents for storage and 10 cents for weighing cotton. The defendant kept an agent in charge of the platform, who did the weighing and accepted cotton from the public generally for storage. The testimony, we think, of both the defendant and his agent, is that he had authority to accept cotton for storage and that he exercised it in this and many other instances. On September 27, 1918, the plaintiff left one bale of cotton with the defendant weighing 587 pounds, and on October 4, 1918, he left another bale with the defendant, weighing 500 pounds; both of said bales being accepted by defendant's agent for storage, to be held until such time as the plaintiff should call for the same. A receipt was given for the two bales of cotton, reading as follows:

"Hooks, Texas, 10—4—1918.
"Received of Williams & Griffin, for account of T. N. Griffin:
"Bales of Cotton.

| No. | Weight. | Price | |
|-----|---------|-------|--------|
| 2 | 500 | ................ | $34.65 |
| | | Less weighing.......... | 10¢ |
| | | Unload ................ | 10¢ |
| | ..............Net | | $...... |
| | ..............Net | | $...... |

"C. F. Smith, Weigher,
"Per B. L. G.
"Not a public warehouse receipt.
"Buyer: T. N. Griffin. O. K."

On or about the 24th of December, 1918, the plaintiff, having sold these two bales of

cotton, together with the other cotton then stored with the defendant on the platform, called on the agent for the cotton. At that time plaintiff had nine bales of cotton in storage there. The agent delivered to the plaintiff seven bales, but did not deliver to him the two bales of cotton in controversy. The agent and the plaintiff made a careful search over the yard for the two bales of cotton above mentioned, but they could not be found. The defendant testified as follows:

"There are now two bales of cotton on the platform that I do not know who they belong to. I do not know what became of Mr. Griffin's cotton, and I do not know whose cotton that is now on the platform. I know Mr. Griffin's cotton is not there now."

[1, 2] The price that these two bales had sold for on the day of the demand was 31 cents per pound; and the plaintiff, having been paid this amount, returned it to the buyer after the two bales of cotton could not be found. There was no controversy over the value of the two bales of cotton, the only proof being that it was worth 31 cents per pound and was of the total value of $336.97. The legal effect of these facts is to show a bailment requiring the exercise of ordinary care on the part of the appellee to hold and return the two bales of cotton, and the evidence conclusively shows a breach of that duty. 2 Cooley on Torts (3d Ed.) p. 1322; Prince v. Ry. Co., 64 Tex. 144; Browne v. Johnson, 29 Tex. 40; Fraam v. G. R. & Ind. R. R. Co., 161 Mich. 556, 126 N. W. 851, 29 L. R. A. (N. S.) 834, 21 Ann. Cas. 96.

The judgment is reversed, and a judgment is here rendered in favor of the appellant for the sum of $336.97 and for costs of the trial courts and of this court.