## TIFFANY & CO. v. DRUMMOND.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

### No. 179.

1. **MUNICIPAL CORPORATIONS (§ 706*)—NEGLIGENCE IN USE OF STREETS—QUESTIONS FOR JURY—CONTRIBUTORY NEGLIGENCE.**

   In an action to recover for an injury to a person struck by an automobile while walking across a street, the question of plaintiff's contributory negligence *held* properly submitted to the jury.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706;* Highways, Cent. Dig. §§ 473, 473½.]

2. **MUNICIPAL CORPORATIONS (§ 705*) — USE OF STREETS—CONTRIBUTORY NEGLIGENCE—DUTY TO AVOID DANGER—CROSSING STREETS.**

   The rule that a person before crossing a steam railroad track is bound, as matter of law, to stop, look, and listen, does not apply to one passing over an ordinary street crossing in a city.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515-1517; Dec. Dig. § 705;* Highways, Cent. Dig. § 460.]

In Error to the Circuit Court of the United States for the Southern District of New York.

E. Sidney Berry (I. R. Oeland, of counsel), for plaintiff in error.

W. H. Van Steenbergh (W. L. Morse, of counsel), for defendant in error.

Before LACOMBE and NOYES, Circuit Judges.

PER CURIAM. Two assignments of error are relied upon:

1. That the court should have directed a verdict in favor of defendant on the theory that plaintiff was himself negligent. He did not continue on the crosswalk, but angled north so as to reach the opposite side of the street about 70 feet above the corner. He looked both

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ways for approaching vehicles just as he started, but upon his own testimony it is not quite clear how often he looked south after he started and became engrossed in the enterprise of crossing the torn-up roadbed of the north-bound track; certainly he did not so look within a few seconds before the accident, or he would have seen the automobile which struck him. But the question of his negligence under all the circumstances was clearly one for the jury to pass upon under proper instructions as to his rights and obligations.

2. Exception was reserved to the charge, on plaintiff's request, that "there is no duty, as a matter of law, upon a person crossing the street, either at a crosswalk or elsewhere, to look up and down to avoid an approaching wagon." No authority is cited holding that the rule, frequently applied at steam railroad crossings, that as a matter of law a person must "stop, look, and listen," prevails to an ordinary street crossing in a city; and we are not prepared so to extend it. Moreover, the question is academic here, for the plaintiff concededly looked both ways before he started.

3. Exception was also reserved to this part of the charge:

"If a man starts—although he has a right so to do—to cross a street without looking for vehicles passing across his path or likely to cross his path as he goes across the street, that man may be found negligent because he has neglected a duty which both the law and common sense casts upon him, namely, to take reasonable precaution to avoid dangers reasonably to be anticipated."

We find no error in it.

The judgment is affirmed.