Railroad v. Wade.

---

NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY COM-
PANY *v.* WASHINGTON WADE.

*(Nashville.   December Term, 1912.)*

1. **NEGLIGENCE.  Plaintiff must show defendant's breach of
   duty owed to him, and resulting injury.**

   To maintain an action for negligence, the plaintiff must show a
   duty owed to him by the defendant, a breach of that duty, and
   injury resulting from such breach.   (*Post, p.* 158.)

2. **SAME.   Duty to exercise ordinary care not to injure others,
   in person or property.**

   Every person owes to every one else the duty to exercise ordinary
   care not to injure him, either in his person or property.   (*Post,
   p.* 158.)

3. **SAME.   "Ordinary care" is defined.**

   "Ordinary care" is that degree of care which a person of reason-
   able prudence would exercise under a given state of facts, and
   may consist of what one of reasonable prudence would do, or
   would refrain from doing under the same or similar circum-
   stances.   (*Post, p.* 158.)

4. **SAME.   What a person of reasonable prudence would do
   under a given state of facts must be determined by jury.**

   What a person of reasonable prudence would do under a given
   state of facts, or under similar circumstances, must be deter-
   mined by the jury from their knowledge of mankind, and as to
   how persons of reasonable prudence act under such circum-
   stances.   (*Post, pp.* 158, 159.)

5. **SAME.   Whether ordinary care was exercised must be
   determined by the jury, when.**

   Whether ordinary care was exercised under any given state of
   facts must be determined in the light of those particular facts;
   for a person of reasonable prudence will govern his conduct
   *according* to the nature, character, and gravity of the circum-
   stances with which he has to deal.   (*Post, p.* 159.)

Railroad v. Wade.

**6. SAME. Evidence of customary conduct is competent, but not controlling, in determining ordinary care.**

In determining whether the defendant's conduct under a given state of facts was characterized by the exercise of ordinary care, the customary way of doing such acts may be shown, but such evidence is not controlling; for the customary way may be a negligent way, and at last the jury must determine whether under all of the facts the matter was managed in such way as a person of reasonable prudence would have managed it. (*Post, pp.* 159, 160.)

**7. SAME. Charge that ordinary care is such as a reasonably prudent man would use in his own affairs is correct.**

The trial court's charge that "ordinary care" is such care as an ordinarily and reasonably prudent and cautious man would use in his own affairs and about his own business, in preventing personal injury to himself, was correct, and not erroneous; for the defendant owed the plaintiff ordinary care, which was such as a reasonably prudent man would exercise in view of all the circumstances surrounding the plaintiff. (*Post, pp.* 160-166.)

Cases cited and approved: Numerous cases from other States on pages 163-165 of the opinion.

Case cited and distinguished: **Railroad v. Gower, 85 Tenn., 465, 473, 474.**

**8. SAME. Charge on negligence and ordinary care is not erroneous because somewhat involved, if it was not misleading.**

In an action against a railroad company for personal injuries to plaintiff, sustained by the defendant's negligence in backing its engine upon and striking with great violence the car in which plaintiff was working for defendant, so as to throw him down on material in the car and very seriously and permanently injure him, an instruction on negligence and ordinary care is not erroneous, because somewhat involved, if not misleading. *Post, pp.* 157, 166.)

FROM RUTHERFORD.

Appeal from the Circuit Court of Rutherford County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— JOHN E. RICHARDSON, Circuit Judge.

CLAUDE WALLER and THOMAS B. LYTLE, for arilroad.

RIDLEY & RICHARDSON, for Wade.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This action was brought in the circuit court of Rutherford county to recover damages for personal injuries alleged to have been inflicted upon defendant in error by the negligence of the plaintiff in error. There was a recovery in the trial court and judgment thereon for $1,000, from which an appeal was prayed and prosecuted to the court of civil appeals, where the judgment was affirmed. The case was then transferred to this court by the writ of *certiorari*.

The case made in the declaration, which was supported by the evidence, was this: That defendant in error, having been employed by the Eagle Pencil Company to load certain cedar rails into car on the switchyard of plaintiff in error, repaired to the place mentioned, and engaged in the discharge of his duties; that the rails were first thrown into the door of the car furnished for the

purpose, a box car, with their ends protruding from the side of the car; that defendant in error, and another helping him, were ordered by the agent of plaintiff in error in control of the car, and of the switching operations to which it was subject, to enter the car and arrange the rails so that they would lie wholly within the car, and not obstruct it by causing it to strike a nearby shed in certain switching movements soon to be undertaken; that they accordingly entered the car and began, arranging the rails, as directed, and had succeeded in drawing into the car, and properly arranging, all of the rails but five or six, when without any previous warning that such a movement would then be made, before they had drawn all of the rails into the car, the plaintiff in error, through its agent having control of the switchyard and the switching operations, signaled the engineer to couple onto the car, and that, without sounding the whistle, or ringing the bell, or otherwise warning defendant in error, the engineer, upon being so ordered, caused the engine to run back upon and strike with great violence the car in which defendant in error was at work, as a consequence of which he was hurled from his feet, thrown down upon the rails and very seriously and permanently injured.

The plaintiff in error introduced evidence in support of its plea of not guilty, to the effect that: Defendant in error knew the car was to be coupled onto the engine and moved as soon as all of the rails had been drawn into it; that they were all drawn in, and thereupon the signal was given to the engineer, and, after sounding

the whistle three times, he caused the engine to move down to and couple onto the car, but with no more force than was customary in making such a coupling, or than was necessary to effect the coupling, and that defendant in error knew, or ought to have known, that the engine was approaching for the purpose of making the coupling, and should have been prepared for the impact.

The chief error assigned is upon that portion of the charge wherein the trial judge instructed the jury upon the subject of ordinary care. Before stating the matter complained of, we shall set forth the rules usually applied upon this subject.

To maintain an action for negligence, one must be able to show a duty owed to him by another, a breach of that duty, and injury from such breach. Every one owes to every one else the duty of exercising ordinary care not to injure him either in his person or property. Ordinary care is that degree of care which a person of reasonable prudence would exercise under a given state of facts appearing in the evidence in a cause, or in a state of facts similar thereto. This ordinary care may be positive or negative; that is, it may consist of what a person of reasonable prudence would have done under the same or similar circumstances, or of refraining from doing what he would have refrained from doing under these circumstances. What a person of reasonable prudence would have done under the same or similar circumstances must be determined by the jury from their knowledge of mankind, and of how persons of reason-

Railroad v. Wade.

able prudence usually deport themselves in relation to their surroundings.

Whether ordinary care was exercised under any given or proven state of facts must always be determined in relation to and in the light of the facts themselves, since what is ordinary care under one state of facts may be less than or more than ordinary care under another and different state of facts. That is to say, a person of reasonable prudence will deem necessary a greater degree of caution and of attention to the circumstances surrounding himself, and the person with whom he is dealing, or with whose property he is dealing, where these circumstances are difficult to manage, and where a mistake is likely to result in serious injury, than where the circumstances are simple and uncomplicated, and easy to deal with, and where a mistake in such dealing will not have any serious consequences. This is equivalent to saying a person of reasonable prudence governs his conduct according to the nature, character, and gravity of the circumstances, or state of facts, or business, or part or department of business with which he has no deal.

In determining whether the conduct of a defendant under a proven or given state of facts was characterized by the exercise of ordinary care, it is proper to prove the customary way of doing such things in the business in hand; but such evidence is not controlling. It is competent only to throw light on the question, since a customary way may be a negligent way, and at last the jury must determine whether under all of the facts the

matter was managed in such a way as a person of reasonable prudence would have managed it.

The foregoing propositions are supported by the great weight of authority.

The court of civil appeals held, approving the charge of the trial judge, that ordinary care was "such care as an ordinarily and reasonably prudent and cautious man would use in his own affairs, about his own business, in preventing personal injury to himself." That court cited quite a number of authorities in support of this rule.

But, in order to understand the full purport of this instruction, we must set forth what was said by the trial judge in connection therewith, viz.:

"You will observe from what I have said to you in setting out the declaration and the plea that the basis of this action is negligence. The plaintiff alleges that his injuries were caused by the negligence of the defendant. Negligence is want of care, and it may consist in doing something carelessly which should not be done, or it may consist in both of these; that is, doing something which should not be done, or failing to do something which should be done, both carelessly.

"The negligence alleged against the defendant in this case by the plaintiff is the running of the engine by the defendant against the freight car in which the plaintiff says he was engaged in piling up or stacking rails, and without giving the plaintiff notice of the approach of the engine. Therefore it is necessary that you determine whether the engine was run against the freight

car, and whether that was done without giving the plaintiff notice of the approach (and) contact, and you must determine whether or not, if this fact existed and there was a failure to give notice, whether these were the proximate causes of the injuries which the plaintiff received, and whether they constitute negligence on the part of the defendant.

"Negligence, as I have stated to you, is the want of care. Defendant would be liable for negligence of its agents which negligence proximately caused the injury —that is to say, and what I mean by this is, that the defendant operates through agents. Therefore, if its agents engaged in the business, and who had charge of the switching operations were guilty of negligence which proximately caused an injury to plaintiff, then there might be a recovery or not, as you may determine under the further instructions in this charge.

"Negligence being the want of care, I instruct you that the care which the defendant owed would be such care as was commensurate with the risk or danger that the defendant's agent knew that the plaintiff incurred. If the plaintiff was directed by the agent of the defendant who had charge of the switching operations, the movement of the switch engine, and the movement of the car on the switch track—that is, the car in which this lumber was placed—if the plaintiff was directed by this agent, or such an agent, to go into the freight car, and arrange disarranged rails, or pile them, or stack them more orderly, then the defendant, through its

127 Tenn.—11,

agents who were engaged in operating this switch en
gine and this car, owed to the plaintiff the duty to use
ordinary care to prevent injury to the plaintiff. Now,
that care would be such care as an ordinarily and
reasonably prudent and cautious man would use in his
own affairs, about his own business, in preventing per-
sonal injury to himself.

"What is ordinary care in any particular case must
depend upon the circumstances of the case. What care
would be required, what would be the care that an ordi-
narily prudent and cautious man would use, would
depend upon the circumstances, and, as I have stated
to you, if the agent of the defendant engaged in oper-
ating the switch engine, and controlling this operation
of the switch track, had either directed the plaintiff to
go into this car for the purpose of arranging disar-
ranged rails, or if he knew that the plaintiff was so
engaged in preparing a shipment of rails for the Eagle
Pencil Company to be shipped upon the car of the de-
fendant railroad, then, through its agents engaged in
operating this engine, the defendant owed to the plain-
tiff such ordinary care as would be commensurate with
the danger or risk incident to the situation in which the
said operating agent of the defendant knew, if he did
know, the plaintiff had been placed."

It is perceived that we have in this language of the
trial judge, along with some unnecessary repetition, and
the inclusion of some matter perhaps irrelevant, but
certainly not injurious, the main points that the care
which the defendant owed the plaintiff was ordinary

care, and that this care would be such as a reasonably prudent man would exercise in view of all of the circumstances surrounding the plaintiff. But this ordinary care is further described as that which a person of reasonable prudence "would use in his own affairs, about his own business, in preventing personal injury to himself."

Was this error, and, if so, was it harmful error?

As we have said, the court of civil appeals, in their opinion sent up with the record, cite many authorities in support of the instruction, viz.: *Rochester White Lead Co.* v. *City of Rochester*, 3 N. Y., 463, 53 Am. Dec., 316, injury to plaintiff's factory by water caused by defective construction of a culvert by defendant; *Schwartz* v. *Gilmore*, 45 Ill., 455, 92 Am. Dec., 227, injury to person and property by a falling wall; *Alabama, etc., R. Co.* v. *McAlpine*, 75 Ala., 113, killing a horse and mule on a railroad track by striking with an engine; *Campbell* v. *Bear River, etc., Co.*, 35 Cal., 679, injury to plaintiff's land by defendant's careless management of his water ditch; *Board of Commissioners of Porter County* v. *Dombke*, 94 Ind., 72, personal injury caused by a defective bridge; *L. & N. R. R. Co.* v. *McCoy*, 81 Ky., 403, damages for personal injury; *Sawyer* v. *Hannibal, etc., R. Co.*, 37 Mo., 240, 90 Am. Dec., 382, personal injury to passengers, the two statements of the rule treated as interchangeable; *Waldo* v. *Beckwith*, 1 N. M., 97, loss of cattle by one engaged for hire to herd and feed them; *Chesley* v. *Mississippi, etc., Co.*, 39 Minn., 83, 38 N. W., 769, loss of logs by a boom com-

pany; *McCoy* v. *Philadelphia, etc., Co.*, 5 Houst. (Del.), 599, injury to plaintiff's person, carriage, and horse by act of railroad company at street crossing, the two rules or statements of the rule used interchangeably, but the one applied by the trial judge in the case now before this court, said to be one not generally used in respect of contributory negligence.

There are still other cases to the same effect: *Inhabitants of Shrewsbury* v. *Smith*, 66 Mass. (12 Cush.), 177, breaking of dam, washing away three of plaintiff's bridges; *Salem Bedford Stone Co.* v. *O'Brien*, 12 Ind. App., 217, 40 N. E., 430, personal injury, rule aplied to contributory negligence of plaintiff; *Raymond* v. *Portland R.*, 100 Me., 529, 62 Atl., 602, 3 L. R. A. (N. S.). 94, personal injury suffered by a passenger while alighting from street car, because of car starting before she had time to alight; *Grimm* v. *Milwaukee Electric Ry. & Light Co.*, 138 Wis., 44, 119 N. W., 833, personal injury by street car to person on the track by striking his vehicle, also for injury to the vehicle; *The General De Sonis* (D. C.), 179 Fed., 123, personal injury to an employee of a stevedore by the act of a second mate, while assisting in replacing the hatch cover of a vessel; *Fraam* v. *Grand Rapids & I. Ry. Co.*, 161 Mich., 556, 126 N. W., 851, 29 L. R. A. (N. S.), 834, 21 Ann. Cas., 96, loss of goods from baggage room of the railway company; *Guitar* v. *Randel* (Tex. Civ. App.), 147 S. W., 642, personal injury in a gin by alleged defective machinery; *Parrott* v. *Wells*, 15 Wall., 536, 21 L. Ed., 206, injury to both person and property; *Johnson* v. *Union*

*P. Co.,* 28 Utah, 46, 76 Pac., 1089, 67 L. R. A., 506, personal injury in a coal mine.

The rule announced in these cases is not in conflict with the general rule previously stated, but rather complementary thereto, and explanatory thereof, as indicating the nature of ordinary care as it presents itself to the mind of a person of reasonable prudence. This supplementary rule appears in several of the foregoing cases along with the general rule, and it does not seem that the courts so using them felt any sense of inharmony or incongruity in thus doing.

It is insisted by counsel for plaintiff in error that this rule was applied in the authorities referred to only to cases of injuries to property. This is a mistaken view, as shown by the brief description following each of the foregoing cases.

It is insisted that this rule was disapproved by this court in the case of *L. & N. R. R. Co.* v. *Gower,* 85 Tenn., 465, 473, 474, 3 S. W., 824. This is also a mistaken view. The charge of the trial judge criticised in that case made what each individual juror himself would have done under the same circumstances as the true criterion, instead of what an ordinary man of reasonable prudence would have done. In commenting on this, the court said: "It does not appear that all or any of the members of the jury were men of ordinary prudence, and yet the judge tells them that what he means by the 'exercise of such care as a man of ordinary prudence would have exercised' is that it was the exercise of such care as one of them would have exercised if similarly situ-

ated.   Under this instruction, if any member of the jury thought he would have done what Gower did in the coupling, he would, of course, have determined that Gower acted with the care required, and was entitled to recover.   This illustration, used to define what he meant 'by the care of a man of ordinary prudence,' and thereby becoming its definition, was erroneous.   The care he was required to exercise was that of a man of ordinary prudence in that dangerous situation, and not 'just such care as one of the jury similarly situated' would have done, be that much or little, as each member might be very prudent or very imprudent."

In this excerpt the distinction is clearly marked between using as a test what an ordinary man of reasonable prudence would do, and what a certain twelve designated persons would do, who might or might not be reasonable and prudent men.

On the grounds stated we are of the opinion there was no error in the charge in respect of the matters referred to.

Nor is there any just ground of complaint against the rest of the charge objected to.   It was somewhat involved, it is true, but we do not think the jury could have been misled thereby.

There is no error in the judgment, and it should be affirmed.