LEACH *v.* ASMAN.

(*Knoxville.*   September Term, 1914.)

1. **MUNICIPAL CORPORATIONS.**   Use of streets.   Automobiles.
   C̕are of driver.

As an automobile is not an inherently dangerous instrumentality,
   a charge imposing on the driver of an automobile in the city
   street a high degree of care is erroneous, as a driver is bound
   to exercise only ordinary care, or that degree of care and
   caution which an ordinarily prudent person would exercise
   under the same circumstances.   (*Post, pp.* 512-514.)

Cases cited and approved:   Goodman v. Wilson, 129 Tenn., 464;
   Railroad v. Wade, 127 Tenn., 154.

2. **MUNICIPAL CORPORATIONS.**   Use of streets.   Automobiles.
   Measure of ordinary care.

The measure of ordinary care to be used by the driver of an
   automobile in a city street is to be estimated by the risk en-
   tailed, through probable dangers attending the particular situa-
   tion as is to be commensurate with the risk of injury to the
   pedestrian in the street, having in view the condition of traffic
   and condition of the machine being operated.   (*Post, pp.* 514,
   515.)

Cases cited and approved:   Christy v. Elliott, 216 Ill., 31; Indiana
   Springs Co. v. Brown, 165 Ind., 465; House v. Cramer, 134 Iowa,
   374.

3. **MUNICIPAL CORPORATIONS.**   Use of streets.   Automobiles.
   Contributory negligence.

A pedestrian, having equal rights with others to the use of the
   street, must exercise ordinary care for his own safety, to be
   measured by the situation confronting him, such as the imme-
   diate circumstances of place and condition demand.   (*Post, p.*
   515.)

4. **MUNICIPAL CORPORATIONS.** Use of streets. Injury to pedestrian. Question for jury.

Whether one injured by collision with an automobile was guilty of contributory negligence because he stepped off the front end of a street car and walked diagonally away from the crossing and toward the sidewalk is for the jury. (*Post, pp.* 515, 516.)

Cases cited and approved: Baker v. Close, 204 N. Y., 92; Minor v. Stevens, 65 Wash., 423; Deputy v. Kimmell, 80 S. E., 919.

FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Von A. Huffaker, Judge.

Johnson & Cox, for plaintiff.

A. Y. Burrows, for defendant.

Mr. Justice Williams delivered the opinion of the Court.

This action, brought by Asman against Leach, is for personal injuries inflicted by the latter, as the driver of an automobile, in a collision occurring on Gay street, the principal business street of Knoxville. Asman had been a passenger on a street car, and according to his evidence the street car stopped at a street crossing, and while it was at rest, Asman left the car and started to the sidewalk on the side of exit, walking diagonally. He did not see Leach's automobile which followed

the street car, and the theory of Asman as plaintiff is that the automobile came suddenly from behind the car, running at a rate of speed that was dangerous and in excess of the ordinance rate, and that no signal or warning was given by Leach before the machine struck Asman, who did not see it before it came in contact with him.

The proof introduced by Leach, had it been accepted by the jury, was sufficient to show that the accident was unavoidable.

The jury returned a verdict in favor of Asman, after the trial judge had overruled defendant Leach's motion for peremptory instructions. The court of civil appeals affirmed the judgment rendered on the verdict, and Leach has petitioned for a review by us on the writ of *certiorari*. The cause was set down for argument and argued at the bar.

The trial judge charged the jury that:

"While ordinary care under existing circumstances, whatever they were, was all that was required of plaintiff, a different rule applied to the defendant, who was charged with the duty of exercising a high degree of care, that is, more than ordinary care, in recognition of the nature of an automobile as an instrumentality for harm to persons upon the streets."

And later, speaking generally (without direct reference to either plaintiff or defendant) of the degree of care, the trial judge said:

"The degree of care must always be commensurate with or in proportion to the degree of existing danger, or hazard."

A request to charge, tendered by defendant, was declined; it being to the effect that if defendant was exercising ordinary care in view of the circumstances at the time, and was not violating the law (ordinances) he should not be held liable.

If the trial judge, in his charge to the jury and in refusing the request, proceeded upon the assumption that an automobile is an inherently dangerous instrumentality, in the handling of which a high degree of care was required to be exercised, that assumption was an erroneous one, as by a most decided weight of authority an automobile is not in the category of instrumentalities which are inherently dangerous in use. *Goodman* v. *Wilson,* 129 Tenn., 464, 166 S. W., 752, 51 L. R. A. (N. S.), 1116, and authorities there cited; 2 Rul. Cas. L., 1190.

The charge erroneously imposed on the driver of the automobile a "high degree of care," the true rule being that he was bound to exercise ordinary care, or that degree of care and caution which an ordinarily careful and prudent person would exercise under the same circumstances. As was said in *Railroad* v. *Wade,* 127 Tenn., 154, 159, 153 S. W., 1120, 1121 (Ann. Cas., 1914B, 1020):

"Whether ordinary care was exercised under any given or proven state of facts must always be determined in relation to and in the light of the facts them-

130 Tenn. 33

selves, since what is ordinary care under one state of facts may be less than or more than ordinary care under another and different state of facts. That is to say, a person of reasonable prudence will deem necessary a greater degree of caution and of attention to the circumstances surrounding himself, and the person with whom he is dealing, or with whose property he is dealing, where a mistake is likely to result in serious injury, than where the circumstances are simple and uncomplicated and easy to deal with, and where a mistake in such dealing will not have any serious consequences.''

What would be ordinary care in the operation of an automobile on a country road would not be ordinary care in its control on a much traveled city street.

· The measure of ordinary care, *as such,* is to be estimated by the risk entailed through probable dangers attending the particular situation, and is to be commensurate with the risk of injury to the pedestrian in the street, having in view the condition of traffic in the street at the time and place, and the nature and condition of the machine being operated. *Christy* v. *Elliott,* 216 Ill., 31, 74 N. E., 1035, 1 L. R. A. (N. S.), 215, 108 Am. St. Rep., 214, and note, 3 Ann. Cas., 487; *Indiana Springs Co.* v. *Brown,* 165 Ind., 465, 74 N. E., 615, 1 L. R. A. (N. S.), 238, and note, 6 Ann Cas., 656; *House* v. *Cramer,* 134 Iowa, 374, 112 N. W., 3, 10 L. R. A. (N. S.), 655, 13 Ann. Cas., 461, and note, and the well-prepared annotations cited below; 2 Rul. Cas. L., 1182.

The appellant, the operator of the automobile, assigns as further error that the court below refused to grant his motion for peremptory instructions, which motion proceeded upon the theory that the appellee left the front end of a street car, on which he had been a passenger, and instead of walking directly to the sidewalk, in which event he would have been safe, he went diagonally away from the street crossing and down the pavement towards the sidewalk and towards his destination, a business house where he expected to trade.

A pedestrian, having equal rights with others to the use of the street, is held to exercise ordinary care for his own safety, to be measured by the situation confronting him, such as the immediate circumstances of place and conditions demand.

He has the right to cross the street at any point, in the absence of an ordinance governing the matter, and to walk towards the sidewalk diagonally from a street car, though then ordinary care on his part may call for additional vigilance. The question of contributory negligence of appellee under the conditions outlined, if not otherwise guilty of negligence, was a question for the jury, and not one of law for the court upon a motion for peremptory instructions. *Baker* v. *Close,* 204 N. Y., 92, 96 N. E., 501, 38 L. R. A. (N. S.), 487, and note; *Minor* v. *Stevens,* 65 Wash., 423, 118 Pac., 313, 42 L. R. A. (N. S.), 1178, and note; *Deputy* v. *Kimmell* (W. Va.), 80 S. E., 919, 51 L. R. A. (N. S.), 989, and note; 2 Rul. Cas. L., 1186.

Leach v. Asman.

Other assignments of error are disposed of orally, the rulings to be noted in the judgment to be entered in this court.

Reversed and remanded for a new trial.