## STUDER *v.* PLUMLEE.

### (*Knoxville.* September Term, 1914.)

1. **MUNICIPAL CORPORATIONS. Street crossings. Negligence.** A person riding a horse down a street which crosses a much traveled city street is not negligent, as a matter of law, because he fails to look up and down the cross-street before crossing it. (*Post, pp.* 518, 519.)

Cases cited and approved: Baker v. Close, 204 N. Y., 92; Millsaps v. Brogdon, 97 Ark., 469; Tiffany v. Drummond, 168 Fed., 47; Minor v. Stevens, 42 L. R. A., 1182; Deputy v. Kimmell, 51 L. R. A., 997.

2. **NEGLIGENCE. Contributory negligence. Question for jury.** Where the measure of care required is ordinary or reasonable care, which varies with the circumstances, contributory negligence is for the jury. (*Post, p.* 519.)

Cases cited and approved: Railway v. Riddick, 110 Tenn., 227; Railroad v. Wade, 127 Tenn., 154; Leach v. Asman, 172 S. W., 303.

---

FROM HAMILTON.

---

Appeal from the Circuit Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— NATHAN L. BACHMAN, Judge.

STANFIELD & BRIGHT, for plaintiff.

W. B. MILLER and GEO. H. WEST, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This action was brought in the court below by Plumlee, as plaintiff, against appellant Studer to recover damages incident to a collision with an automobile of the latter at the intersection of Sixth and Market streets in the city of Chattanooga. The trial judge overruled a motion for peremptory instruction interposed by defendant Studer, and the jury returned a verdict in favor of Plumlee, which was sustained by the trial judge and the court of civil appeals.

An assignment of error in this court under the petition for *certiorari* is that the motion for peremptory instruction should have been sustained, on the ground that Plumlee himself testified that as he rode his horse down Sixth street in a running walk, the horse's speed being four or five miles an hour, he slightly checked on reaching Market street, with a view to swerving into the further or east side of Market street, but did not stop, and proceeded without looking to the right or left, and that when about midway Market street he discovered Studer's automobile about fifteen feet away, coming towards him at about the speed of ten to fifteen miles an hour. Plumlee further testified that he was noticing where he was going, "just looking in front of me," and did not see the automobile until it was within ten or fifteen feet of him.

The argument in behalf of appellant is that Plumlee was guilty of contributory negligence as a

Studer v. Plumlee.

matter of law in failing to look up and down Market street, a much traveled thoroughfare, before attempting to ride his horse across.

The rule that one about to cross a railroad track, in the use of a highway, must stop, look and listen does not apply to a traveler thus coming out of an intersecting street into a street upon which automobiles are customarily run, which machines are capable of safe operation and are not inherently dangerous instrumentalities.

"He is not required, as a matter of law, to look both ways and listen, but only to exercise such reasonable care as the case requires, for he has the right to assume that a driver will also exercise due care and approach the crossing with his vehicle under control." *Baker* v. *Close,* 204 N. Y., 92, 97 N. E., 501, 38 L. R. A. (N. S.), 487, and notes; *Millsaps* v. *Brogdon,* 97 Ark., 469, 134 S. W., 632, 32 L. R. A. (N. S.), 1177; *Tiffany* v. *Drummond,* 168 Fed., 47, 93 C. C. A., 469; annotations to *Minor* v. *Stevens,* 42 L. R. A. (N. S.), 1182; and *Deputy* v. *Kimmell,* 51 L. R. A. (N. S.), 997.

Where the measure of care is ordinary or reasonable care, and the degree of that care thus varies with the circumstances, the question of contributory negligence is one for the jury. *Railway* v. *Riddick,* 110 Tenn., 227, 75 S. W., 924; *Railroad* v. *Wade,* 127 Tenn., 154; 153 S. W., 1120, Ann. Cass., 1914B, 1020; *Leach* v. *Asman,* 172 S. W., 303.

The court of civil appeals so held. Affirmed.