GILBERT EMERT, by next friend, etc., v. FRED M. WILKERSON.

Eastern Section. February 11, 1928.

Petition for Certiorari denied by Supreme Court, May 26, 1928.

E. E. Watkins, of Lowden, for appellant.
D. Sylvian Kramer, of Maryville, for appellee.

SENTER, J.  Gilbert Emert was struck and injured by an automobile alleged to have been owned by the defendant Fred M. Wilkerson and driven by Walter Brown, colored, the alleged agent of the defendant.  The accident occurred near the home of plaintiff in the suburbs of Lenoir City.  Gilbert Emert was at the time of the injury about sixteen years of age.  As the result of the collision two bones in his left leg were broken.  He sued the defendant by next friend.  The declaration alleges that the automobile was being operated by the defendant's servant and employee at an unlawful

rate of speed, and that the automobile was being negligently driven in violation of the law of the road, in that the automobile was being driven on the left hand side of the road.

The defendant filed a plea of not guilty. At the conclusion of plaintiff's evidence a motion for a directed verdict in favor of defendant was sustained by the trial judge, and the suit dismissed. A motion for a new trial was overruled. Plaintiff has appealed to this court from the action of the trial judge in directing a verdict in favor of defendant, and in overruling his motion for a new trial, and has assigned errors.

The motion for a directed verdict, which was granted by the court, contains two grounds: "First, there is no negligence on the part of the defendant that would warrant a recovery, and the plaintiff was guilty of such contributory negligence as to bar any recovery. Two. There is no sufficient proof to establish the driver of the car as an agent of defendant or that he was on a mission for the defendant."

Certain of the witnesses offered by the plaintiff testified only on the subject of the nature and extent of the injuries sustained, and as this does not become material for the determination of the questions made on this appeal, it need not be referred to. It appears from the evidence of several witnesses that the negro boy, Walter Brown, was driving the automobile at the time plaintiff was struck and injured. At the point where the accident occurred the road was eighteen feet wide. Plaintiff lived on the north side of the road, the road running east and west. He had started to cross the road from the south side to his home on the north side, and when he reached a point about two feet from the north side of the road he was struck by the automobile and received the injuries complained of. The automobile was proceeding east. It is shown by the evidence of several witnesses for plaintiff that the tracks of the automobile left the center of the road at a point about sixty feet west of the point of collision, bearing toward the left and north side of the road, and the automobile was stopped a few feet beyond where the boy was struck, striking a fence post which seemed to have brought the car to a stop. The colored driver of the automobile stated to certain of plaintiff's witnesses that the brakes on the automobile were bad. We think it evident from the record that the automobile belonged to the defendant Wilkerson. The defendant Wilkerson owned and operated a garage in Lenoir City, and Walter Brown, the colored boy who was driving the car that struck plaintiff, was one of the employees of Wilkerson. While it is said in the brief of appellee in discussing the second assignment of error that there was no evidence offered by plaintiff which tended to show that defendant Wilkerson was the owner of the automobile in question, yet in the discussion of the first assignment of error by appellee it is said:

"We respectfully insist there is no evidence of negligence on the part of the defendant's driver, unless it be the fact that he was on the left hand side of the road." This language contained in appellee's brief is a practical admission that Brown was driving defendant's automobile at the time of the accident. It will also be noted that the motion for a directed verdict, and in neither ground thereof, states that there was no evidence of ownership by the defendant, of this automobile. The motion for a directed verdict stated the grounds to be that there was no evidence of negligence on the part of the defendant, and that the plaintiff was guilty of contributory negligence so as to bar a recovery; and that the proof was insufficient to establish the fact that the driver of the car was the agent of the defendant or that he was on a mission for the defendant. But aside from these apparent admissions of ownership, we think there were sufficient facts and circumstances shown by the evidence to create a prima facie case of ownership of the car by defendant. Several witnesses testified they had seen Wilkerson driving this automobile, and that the automobile that was standing against the post after the collision was the automobile of the defendant. We are therefore of the opinion that there was evidence of ownership of this automobile in the defendant.

By Chapter 162 of the Public Acts of 1921, and by Section 1 thereof, it is provided:

"That in all actions for injuries to persons and damage to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicles within this state, proof of ownership of such automobile, auto truck, motorcycle, or other motor propelled vehicle, shall be prima facie evidence, and raise a presumption that said automobile, auto truck, motorcycle, or other motor propelled vehicles at the time of the act sued on, was being operated and used with the authority, consent and knowledge of the owner in the very transaction out of which said injury or damage or cause of action arose."

While this act does not specifically provide that the driver of the automobile will be presumed to be the agent of the owner in operating the automobile, we think it is the clear legislative intent by said act to make such driver, prima facie, the agent of the owner so as to put the burden of proof upon the owner to show that such driver was not in fact the agent of the owner and about his business in driving the automobile. But aside from this, there was evidence offered by plaintiff showing that the driver of this automobile, Walter Brown, was an employee of the defendant, and that the defendant was accustomed to send laborers on his farm in his automobile and that this driver, Walter Brown, frequently drove the car on such missions. One witness testified that soon after the accident the

defendant was at the house of plaintiff, and on the same day, and stated that he "could not uphold the darkey in that kind of business," referring to his manner of driving the automobile. Another witness stated that he was an officer, and prior, to this accident had cautioned the defendant Wilkerson about the reckless driving of defendant's automobile by Walter Brown, and then told the defendant that if he didn't stop it, he, the officer, would stop it.

We think that this evidence and also the statute above quoted, made out a prima facie case that Brown was in the employ of the defendant at the time the accident occurred, and his agent.

It appears that Brown was driving the automobile at a rate of speed of about forty miles an hour. There is no direct evidence that the car was running at that rate of speed when it struck plaintiff, but one witness testified that at a point about 150 feet west of where plaintiff was struck, the car was then running at a rate of speed not less than forty miles per hour. This witness stated that a rose bush obstructed his view after the car passed him, and he did not see the car when it struck plaintiff. Other witnesses testify that the car was running at a rapid rate of speed a short distance west of where the collision occurred, although they did not see the collision. It is shown by several witnesses who examined the road that the tracks of the automobile showed that the car left the center of the road at a point about sixty feet east of where the accident occurred, and went toward the north side of the road, and stopped against a post, after knocking down one fence post, and passing another and stopped against a third post. These posts were on the north side of the road. In the absence of any explanation as to why the driver swerved the car from the center of the road and ran it in an angling direction to the point of collision creates a presumption of negligence. The driver of the car stated in the presence of witnesses immediately following the accident that the brakes on the car were bad. We think that under these facts a prima facie case of negligence on the part of the driver of the automobile was shown.

There remains to be considered the alleged contributory negligence of the plaintiff as one of the direct, proximate and efficient causes, such as to bar any recovery. The plaintiff stated that he did not look up and down the road as he started to cross the road. It was early in the morning, about six a. m. o'clock. He had been sitting on the road bank on the south side of the road, and across the road from his home, talking to some other boys, and got up and started across the road, and had reached a point in the road only about two feet from the north side when he was struck by the automobile and knocked down. He stated that he did not see or hear the automobile before he was struck. He stated that the automobile did not blow the horn, or make any other noise warning him of its

approach. It is contended for appellee that the failure of plaintiff to look and listen while he was crossing the road constituted negligence as a matter of law. We cannot agree to that contention. The rule that one about to cross or enter upon a railroad track, must stop, look and listen, does not apply to one using a public highway, or walking on or across a public highway. One walking on a public highway is only held to the rule of ordinary care. In the case of Studer v. Plumlee, 130 Tenn., 519, it is said: "Where the measure of care is ordinary or reasonable care, and the degree of that care varies with the circumstances, the question of contributory negligence is one for the jury." Citing Railway v. Riddick, 110 Tenn., 227; Railroad v. Wade, 127 Tenn., 154; Leech v. Asmon, 172 S. W., 303.

Mr. Justice Williams, speaking for the court in Studer v. Plumlee, quotes with approval from Baker v. Close, 204 N. Y., 92, as follows: "He is not required, as a matter of law, to look both ways and listen, but only to exercise such reasonable care as the case requires, for he has the right to assume that a driver will also exercise due care and approach the crossing with his vehicle under control.

Numerous other authorities, both in this and other states, could be cited in support of the rule as stated in Studer v. Plumlee, supra. We are of the opinion that the mere failure of this boy to look up and down the road to see if there was an automobile approaching before attempting to cross the road, under the facts and circumstances as shown, was not negligence as a matter of law, and that the question of contributory negligence under the facts as shown, was one for the jury.

It results that the assignments of error are sustained, and the action of the court in directing a verdict in favor of defendant, and in dismissing plaintiff's suit is reversed, and the case remanded for a new trial. Appellee will pay the costs of this appeal.

Owen and Heiskell, JJ., concur.