HAMILTON et al. v. MOYERS, No. 1.—140 S. W. (2d) 799.

Eastern Section. February 10, 1940.

Certiorari Denied by Supreme Court, May 18, 1940.

Rankin & Catlett, of Jefferson City, and C. F. Pettway, and R. R. Kramer, both of Knoxville, for plaintiffs in error.

Hale & Wisecarver, of Jefferson City, and Jennings & O'Neal, of Knoxville, for defendant in error.

McAMIS, J. Sam P. Moyers, administrator of the estate of Orifon Bradford, deceased, instituted this suit against W. O. Hamilton and Harold Glass to recover for the death of said Bradford, who was killed while walking on Russell Street in the City of Jefferson City by a truck owned by Hamilton and driven by Glass. It is conceded

that, at the time Bradford was struck by the truck, it was engaged in delivering groceries for Hamilton. Upon the issues of the negligence of the defendants, Hamilton and Glass, and the contributory negligence of the deceased, the jury returned a verdict in the sum of $5,000, which was approved by the trial court and judgment entered accordingly. Defendants filed a motion for a new trial which was overruled and they have prosecuted an appeal in error to this court, assigning errors.

The declaration charges that the truck was being operated at a high, dangerous, reckless and wanton rate of speed and in excess of the rate of speed provided by ordinance of the City of Jefferson City and by State statute and, particularly, in a manner likely to endanger the lives and safety of others. It was also charged in the declaration that the brakes of the truck were defective and that, for this reason also, the operation of said truck was in violation of ordinances of the City of Jefferson City as well as in violation of State statutes.

As a further ground of liability, it was charged that Glass was a reckless, careless and incompetent driver and known to be such by the defendant Hamilton but that, notwithstanding such knowledge, defendant Hamilton continued to retain said Glass in his employ as a truck driver.

Under a plea of the general issue, defendants denied each and every charge of negligence contained in the declaration and insisted upon the trial below, as here, that the deceased was guilty of barring contributory negligence in that, at the time he was struck by defendants' truck, he was engaged in a violation of Section 3 of Chapter 245 of the Public Acts of 1937 (Code, sec. 2687, subsection (d), ·by walking south on Russell Street on the right side in the direction in which he was traveling.

There is no positive proof that deceased was walking along the ·right-hand side of the street. The physical markings on the pavement indicate that he was within 12 inches of the shoulder or ditch on that side. He lived on the opposite side of the street a few hundred feet south of the point of accident and may have been engaged in crossing the street when struck· but it appears to have been conceded during the trial of the case that plaintiff's intestate was walking in a southerly direction on Russell Street on his right-hand side near the edge of the pavement and we assume that such was the fact. .

The court charged the jury that if deceased was walking along the right side of Russell Street with his back to overtaking traffic, when struck, in violation of ordinances of the City of Jefferson City ·and of the State statute above mentioned, such conduct would constitute negligence on the part of the deceased which, if it proximately caused or contributed to his death, would bar a recovery

but that if such conduct constituted only a remote cause of his death then such negligence on the part of the deceased would only go in mitigation of the damages and would not bar a recovery.

The small amount of the recovery, representing only about 5 years' earnings of the deceased who had an expectancy of 39 years, suggests that the jury adopted the view that deceased was guilty of remote contributory negligence and, accordingly, reduced to the sum stated the recovery in behalf of the administrator.

The deceased was both deaf and dumb. At the time of his death he was 24 years of age and owned and operated in Jefferson City a shoe shop in which he earned approximately $1,000 per year. Russell Street, in Jefferson City, runs north and south. The section between deceased's shop and his home is thickly populated. It runs through the campus of Carson-Newman College, attended by several hundred students. In addition to the College a church and a high-school building are located near the scene of the accident south of the Seventh Avenue intersection.

At the time in question, March 14, 1938, at about 7:00 P. M., which was after dark, Glass drove defendant Hamilton's truck south on Russell Street engaged in delivering groceries. Services were being held at the church where a large number of people were in the act of congregating.

Deceased had passed the church and reached a point in front of the residence of Mr. Bear when the defendant's truck overtook him from the rear and struck him with such force that he was thrown a distance of 24 feet, sustaining injuries from which he died the following morning. Skid marks on the pavement indicate that the brakes of the truck were not applied until it had gone a distance of 12 feet from the point where deceased was struck. From this point it skidded a distance of 84 feet, making a total distance of 96 feet travelled after deceased was struck. Only the left wheels skidded on the pavement, indicating, as plaintiff insists, that the brakes were out of order but this seems immaterial since the brakes were not applied until after deceased was struck, except insofar as it reflects upon the wanton and reckless operation of defendant's truck.

The proof shows that the truck was being operated through this populous section of the City at such a rate of speed as to attract the attention of several persons between the church and the point where deceased was struck. Some of these witnesses estimate the speed of the truck at 40 miles or more per hour, others as much as 50 miles per hour. These witnesses appear to be unbiased and dis-interested.

The driver of the truck claims to have been blinded to some extent by an approaching automobile but no one else saw any other automobile or truck in the vicinity except the one operated by

Prof. Hale who testified in behalf of plaintiff. Glass appears to contradict himself as to whether he passed another automobile between the Seventh Avenue intersection and the point where deceased was struck. Upon the whole evidence we think the jury was clearly warranted in rejecting Glass' testimony that he did not see deceased until about the time he was struck because of the lights on an approaching vehicle and, in view of plaintiff's proof that no other vehicle was seen in the vicinity, the fact that deceased was not observed by Glass until the instant he was struck suggests that he was not upon the lookout as he should have been for pedestrians.

We think a speed of 40 to 50 miles per hour through such a populous section of the City with which, under the record, the driver of defendant's truck must have been familiar, was a "wanton and reckless" speed and that the operation of defendant's truck, without proper brakes and without the driver being upon the lookout, at such speed constituted wanton negligence as charged in the declaration. If we are correct in this conclusion, the contributory negligence of the deceased would have no bearing upon the right of his administrator to recover (Consolidated Coach Co. v. McCord, 171 Tenn., 253, 102 S. W. (2d), 53), but, as already observed, the jury appears to have mitigated the damages upon the theory of contributory negligence, a result favorable to defendants under our view of the case.

However, we think it was for the jury, under these circumstances, to say whether or not deceased was guilty of any negligence which proximately or remotely contributed to his injury and death. In this connection the proof shows that a sidewalk extended along the western side Russell Street to a point a short distance north of where deceased was struck. There was no sidewalk in front of the Bear home on either side of the Street. Whether there was a sidewalk further south along the western side of Russell Street does not appear and it may well be that deceased expected to get back on the sidewalk at some point south of the Bear home and stepped into the Street only for this purpose. The proof shows that Prof. Hale's car was approaching from the south and it may have been safer to continue on the west side of the street rather than cross in front of the Hale car. As to how far the Hale car was visible from the deceased's position after he left the sidewalk does not appear but its lights were shining and he could have seen it for a considerable distance.

The statute invoked by defendants is designed to promote the safety of pedestrians and must be given a reasonable construction and application. While a pedestrian will not be permitted to determine for himself when to observe the statute, he will not, at the same time, be required to place himself in a position of danger

in order to observe the strict provisions of the statute. The presumption is, until the contrary appears, that deceased was in the exercise of a proper degree of care for his own safety, and we cannot say, as a matter of law, that this presumption has been overcome under the facts shown in this case.

We are further of opinion, as the jury apparently found, that the prime and proximate cause of the death of deceased was the operation of defendant's truck in the manner already stated and that the position of deceased was, at most, only a remote cause of his injuries and death.

The foregoing disposes of the first two assignments of error and it results that they must be overruled.

We find without merit the assignment that the court erroneously admitted evidence of the speed of the truck at a point 200 or 300 feet north of the point of collision. We think this evidence was competent and for this reason, as well as the failure of defendants to object to its introduction, the assignment complaining of the admission of this evidence is also overruled.

The fourth assignment complaining of the failure of the court to differentiate between the value of positive and negative testimony is without merit. This question was covered in the court's charge.

We have already referred to the small amount of the verdict and the fifth and last assignment that the verdict is excessive is found without merit and must also be overruled.

We agree with the circuit judge that the verdict in this case is just and proper. The proof shows that Glass was a reckless driver and that complaint had been made prior to the accident of his reckless and dangerous operation of the truck but in spite of such complaints he was retained in defendant's employ.

The judgment below must be affirmed for the further reason that a map showing the location where deceased was killed, introduced and filed as an exhibit and constantly referred to in the examination of witnesses, is not contained in the record before us. Since the result is the same, we have seen fit to review the evidence. But see Bourne v. Barlar, 17 Tenn. App., 375, 380, 67 S. W. (2d) 751, relied upon by plaintiff in his brief.

The judgment must be affirmed with costs.

Portrum and Ailor, JJ., concur.