254

# BYRD v. GIPSON et ux.—236 S. W. (2d) 988.

Middle Section.   November 3, 1950.

Petition for Certiorari denied by Supreme Court, March 9, 1951.

Jeff D. Fults, of Tracy City, Strang, Fletcher & Cariger, of Chattanooga, for plaintiff in error.

W. C. Abernathy, of Tracy City, Walter M. Haynes and John F. Green, both of Winchester, for defendants in error.

FELTS, J.   This action was brought by plaintiffs below Gipson and wife to recover damages for the death of their 17 year old daughter, Bobby Evelyn Gipson, who was struck and killed by defendant Byrd's automobile as she alighted from a bus and started across the highway to her home.   There was a verdict and judgment for plaintiffs for $10,000.

Defendant appealed in error and insists that a verdict should have been directed for him; that there was no evidence of any negligence on his part; that the undisputed evidence showed that as he was passing the bus the deceased stepped from behind it directly in front of his car and thereby caused the accident; and that, as a matter of law, she was guilty of such contributory negligence as barred this suit.

The declaration charged defendant generally with negligence at common law and with negligence under the statute, Williams' Code, 1942 Replacement Vol. 3, secs. 2681, 2682—overtaking and passing the bus while deceased was walking in front of it, and driving recklessly

and ''in willful or wanton disregard of the rights and safety of others.''

The evidence tended to prove these facts. The accident happened on the highway (Tenn. 2, U. S. 41) between Pelham and Monteagle. The deceased and a Mrs. Cox, coming home from work, were on the bus traveling in a southerly direction. The bus stopped on its right, or the west, side of the highway across from Mrs. Cox's home and a side road leading east to the home of deceased. The driver opened the right front door and these two passengers alighted, the deceased ahead. She started in front of the bus across the highway to this side road. By the time she cleared the bus and took ''one step'' she was struck and killed by defendant's car overtaking and passing the bus.

It was about 8:00 P. M., after dark. All the bus lights were on, the highway here was straight, and defendant admitted he saw the bus several hundred yards ahead and knew it was a bus stopped and standing on the highway. He said he saw no person about it but he slowed down his car to 40 or 45 miles per hour, blew his horn three times, and as he was passing the bus this girl suddenly stepped from behind the front of it directly in front of his car and so close ahead of it that he could do nothing to avert the accident.

While the bus was stopped, discharging these passengers, it was standing on its right half of the paved part of the highway with its left side two or three feet from the white-painted center line. Defendant passed on the left driving 45 miles per hour or faster, passing within two or three feet of the side of the bus. The front part of his right front fender struck the girl before she

reached the center line. After striking her the car carried her more than 100 feet, hurled her body six feet in the air and off to one side, and went on about 30 feet farther before being brought to a stop.

While defendant claimed he had slowed down to 40 or 45 miles per hour as he passed the bus, other evidence indicated he was driving much faster than that. At that rate, the car could have been stopped in a space of 45 or 50 feet, according to a witness for plaintiffs. The great force with which it struck the girl, and the fact that after striking her it ran about 130 feet before it could be stopped, were themselves circumstantial evidence that it was being driven at a reckless and dangerous speed. Cf. Phillips & Buttorff Mfg. Co. v. McAlexander, 15 Tenn. App. 618, 636-637.

█ Apart from the statute, defendant was under a common law duty to use due care in passing this bus. A motorist, passing a bus or streetcar while it is stopped to receive or discharge passengers, is bound to anticipate that some of them may place themselves in his path, and he must keep a lookout, have his machine under control, and do all other things required by due care to avoid injuring them. Union Transfer Co. v. Finch, 16 Tenn. App. 293, 64 S. W. (2d) 222; Tiffany v. Shipley, 25 Tenn. App. 539, 161 S. W. (2d) 373; Ross v. West, 202 Miss. 3, 30 So. (2d) 310; Manor v. Gagnon, 92 N. H. 435, 32 A. (2d) 688; Annotations, 47 A. L. R. 1233, 123 A. L. R. 791; 5 Am. Jur. 621; 60 C. J. S., Motor Vehicles, sec. 392, pages 960-961.

When defendant approached this bus standing on the highway discharging passengers, he was bound as a reasonably prudent person to recognize the risk and danger that some of them might appear from the front

or rear of the bus in front of his car; and it was his duty to keep a lookout, 'approach with his car under control, and generally to exercise due care, under all the circumstances, to avoid injury to any of them.

■ The evidence clearly warranted a finding by the jury that defendant not only breached this duty and was guilty of common law negligence, but also violated the statute and was guilty of the offense of reckless driving and of negligence under the statute, Williams' Code, 1942 Replacement Vol. 3, secs. 2681, 2682, which provides:

"Any person who drives a vehicle upon a highway recklessly, or at a speed, or in a manner so as to endanger, or be likely to endanger life, limb or property of any person, shall be guilty of reckless driving. (1931, ch. 82, sec. 1; 1937, ch. 245, sec. 1.)

\* \* \* \* \*

"(c) Reckless driving within the meaning of this section (2682) shall be deemed to include the following offenses, which are expressively prohibited:

\* \* \* \* \*

"Sixth: Exceeding a reasonable speed under the circumstances and traffic conditions obtaining at the time.

"Seventh: Passing other vehicles going in the same direction while crossing an intersection, or while the pedestrians passing or about to pass, in front of either of such vehicles."

■ We think there was abundant evidence to lead the jury to the conclusion that defendant was guilty of driving recklessly and in wanton or willful disregard of the rights and safety of others, as charged in the declaration. Driving his car at dangerous speed dangerously close to the side of the bus, as deceased was passing

in front of it, he struck her but a step from it, killing her and carrying her body over 100 feet before disengaging and hurling it to one side.

This conduct in the circumstances evinced "such entire want of care as would raise presumption of conscious indifference to consequences," and constituted gross and wanton negligence. Consolidated Coach Co., Inc., v. McCord, 171 Tenn. 253, 258, 102 S. W. (2d) 53, 55; Inter-City Trucking Co. v. Daniels, 181 Tenn. 126, 129, 178 S. W. (2d) 756; Hamilton et al. v. Moyers, 24 Tenn. App. 86, 90, 140 S. W. (2d) 799.

Defendant's negligence being gross and wanton, the defense of contributory negligence was not open to him. Consolidated Coach Co., Inc., v. McCord, supra. But assuming this defense was available, we think the question was one of fact for the jury, not one of law for the court, and the trial judge properly submitted it to the jury.

In the absence of a statute or municipal ordinance governing the matter, a pedestrian has equal rights with a motorist in the use of the highway and he may cross the highway at any point, being bound to use ordinary care for his own safety, i. e., such care as a reasonably prudent person would use under the same or similar circumstances. Leach v. Asman, 130 Tenn. 510, 172 S. W. 303; Studer v. Plumlee, 130 Tenn. 517, 172 S. W. 305; Emert v. Wilkerson, 7 Tenn. App. 269, 272-273; Elmore v. Thompson, 14 Tenn. App. 78, 97.

This accident happened in a rural area—not in "a business or residence district" in any city or town. So Code section 2687(c), regulating the right of way between pedestrians and vehicles in such a district, did not apply. But the rights of the parties in this regard

were controlled by the common law rule above referred to.

In such a case ordinary or reasonable care is the measure of a pedestrian's duty. There is no exacter rule. The rule that one must stop, look, and listen before crossing a railroad does not apply to one crossing a public highway. Referring to his duty, the Court, in Studer v. Plumlee, supra, said:

" 'He is not required, as a matter of law, to look both ways and listen, but only to exercise such reasonable care as the case requires, for he has the right to assume that a driver will also exercise due care and approach the crossing with his vehicle under control.' (Citing cases.)

"Where the measure of care is ordinary or reasonable care, and the degree of that care thus varies with the circumstances, the question of contributory negligence is one for the jury. (Citing cases.)"

To the same effect, see also: Emert v. Wilkerson, supra; Duling v. Burnett, 22 Tenn. App. 522, 533, 124 S. W. (2d) 294; Hunter v. Stacey, 24 Tenn. App. 158, 141 S. W. (2d) 921; Tri-State Transit Co. of La., Inc., v. Duffey, 27 Tenn. App. 731, 742-744, 173 S. W. (2d) 706; Western Union Tele. Co. v. Dickson, 27 Tenn. App. 752, 760-763, 173 S. W. (2d) 714.

As the deceased got off the bus and walked around the front of it to cross over to the side road, the bus cut off her view to the rear or north—toward the approaching car, and the glare of the bus headlight may well have kept her from seeing the car's lights, and the noise of the bus motor running may have kept her from hearing the car's horn. Also she may have been giving her attention to looking to the south for traffic, thinking

there would be time and opportunity to look to the north when she cleared the bus. She had the right to assume that if any traffic was coming from that direction it would approach under control and pass at a safe distance from the bus.

All of these possibilities enter into the issue. Reasonable minds well might differ about them. They make it impossible to deal with the question as one of law for the court. It was for the jury to weigh all these matters and to say whether the deceased's conduct conformed to the standard of ordinary or reasonable care—whether upon all the circumstances she was guilty of proximate contributory negligence. Cf. Leach v. Asman, supra; Studer v. Plumlee, supra; Tri- State Transit Co. of La., Inc., v. Duffey, supra; Smith v. Sloan, 189 Tenn. 368, 374-375, 225 S. W. (2d) 539, 541, 227 S. W. (2d) 2.

The argument for defendant is that ''it was her (deceased's) duty to see if any vehicles were approaching,'' and that in not seeing his car and yielding the right of way she was guilty of contributory negligence as a matter of law. A number of cases from other states are cited as authority for this contention.

Most of them are cases in which a statute required the pedestrian to yield the right of way to the motorist, and some of them do seem to apply to a pedestrian crossing a public highway practically the same rule as that applied to a traveler crossing a railroad track—the rule of absolute duty to look and listen.

As pointed out above, however, the courts of this state have refused to adopt such a rule, but hold that one about to cross a public highway ''is not required, as a matter of law, to look both ways and listen, but only to exercise such reasonable care as the case requires,''

and whether he has used such care is a question for the jury. Studer v. Plumlee, supra; Tri-State Transit Co. of La., Inc., v. Duffey, supra, 27 Tenn. App. 742-744, 173 S. W. (2d) 711, and other cases above cited.

Defendant in his brief refers to the case of Stafford v. Consolidated Bus Lines, Inc., 179 Tenn. 185, 164 S. W. (2d) 15. That case, however, did not involve any question of contributory negligence of the plaintiff (a small child), or any question of negligence of the motorist, he not being sued. The bus company was exonerated on the ground that the child's act, rather than the company's negligence, was the proximate cause of the accident.

Defendant relies on our case of Harbor et al. v. Wallace, 31 Tenn. App. 1, 211 S. W. (2d) 172. It does not support the rule for which he contends. In line with prior cases, it recognizes that one crossing a public highway is bound only to use ordinary care and that the question whether he has used such care is always one for the jury except where the facts are undisputed and are such that all reasonable minds must reach the same conclusion from them.

That was such a case on its facts. The plaintiff alighted from a bus, it moved on, she ran across to the other side of the highway and ran into the side of a car that had met and passed the bus. The motorist, seeing her coming, pulled off the pavement onto the shoulder and stopped the car within five feet after the girl ran into it. This Court said that reasonable minds could not differ on the proposition that she failed to use ordinary care and that her own act was the cause of the accident.

That case is clearly no precedent for this case. There the motorist was in nowise negligent. Here the motorist's

negligence was gross and wanton. There the girl ran all the way across and ran into a car on the far shoulder, and she could have seen the car all of the time while she was doing that. Here the girl's view of the oncoming car was obstructed till the very instant it killed her; or so the jury might have found. And reasonable minds well might differ on the issue of contributory negligence here, while they could not there.

Defendant bases much of his argument for a directed verdict upon the testimony of two of his own witnesses, the bus driver and Mrs. Cox. The driver said he saw the car's lights in his mirror and he hollered through his windshield flap to deceased not to cross, that a car was coming. Mrs. Cox said she grabbed deceased by the sleeve, told her not to cross, a car was coming.

On cross examination, however, the driver admitted that his headlight was burning, his motor running, and deceased may have not heard him. Mrs. Cox also admitted that the deceased did not hear her or know she was trying to stop her. So it was within the jury's province to reject the direct testimony of these witnesses, as the verdict shows they did. Certainly such testimony cannot be taken to be true as a matter of law for the purpose of a directed verdict for defendant.

His assignments of error raise some other matters. We have carefully considered all of them and find no merit in any of them. All of the assignments of error are overruled and the judgment of the circuit court is affirmed. A judgment will be entered here for plaintiffs against defendant for the amount of the judgment below with interest. The costs of the appeal in error are adjudged against defendant, W. L. Byrd, and the sureties on his appeal bond.

Howell and Hickerson, JJ., concur.