## MECHANIC v SCHAEFFER et

Municipal Court of Cleveland

Decided Feb 2, 1937

Persky & Loeb, Cleveland, for plaintiff—
Frank Feingold, Cleveland, of counsel.

Paul H. Torbet, Cleveland, for defendant.

### OPINION

By DRUCKER, J.

The defendant was the owner of an automobile upon which the Northern Finance Company. one of the defendants. had a chattel mortgage. This mortgage was filed on the 24th day of December, 1934, and had become a valid and first lien upon said automobile.

The defendant, Eugene Schaeffer, on the 15th day of July, 1936, purchased a radio from the plaintiff. This purchase was made under a conditional sales agreement. The radio was attached to the automobile of the defendant, Eugene Schaeffer, by two ⅜ inch screws.

The Northern Finance Company took possession of said automobile with the knowledge of Eugene Schaeffer. Northern Finance Company notified the defendant by registered mail that it was selling said automobile at public sale. The automobile was bought at the public sale by the Northern Finance Company.

Five days prior to the public sale of the automobile, the plaintiff notified the Northern Finance Company of his conditional sales agreement and demanded the return of the Philco radio, which demand the finance company refused. The plaintiff brings this replevin action to recover possession of the radio.

The Northern Finance Company relies upon a provision of the mortgage which reads as follows:

"Together with all added and substituted parts, equipment and repairs placed upon the property during the life of this mortgage, all and singular being hereinafter referred to as the property. To have and to hold said property, and additions thereto, above granted, bargained, sold or intended to be granted, bargained and sold unto the mortgagee, its successors and assigns."

Under the Ohio law, title to the chattel passes on the execution of a chattel mortgage back to the mortgagee. While such title is designated as a security interest, it is sufficient that the mortgagee is regarded as the legal owner. **Robinson v Fitch, 26 Oh St 659.**

Under conditional sales law, title to the object of the sales contract is retained by the vendor. §8568, GC.

Under the conditional sales agreement title to the radio was not released to the purchaser, nor does the affixing of the radio to the purchaser's automobile alter the status of the title.

The court does not believe that the addition of a radio is within that contemplation of the provisions of the mortgage, "added and substituted parts, equipment and repairs." It is our belief that this provision takes into consideration the addition of such parts, equipment and accessories which are in themselves essential to the operation of a car. They are such accessories as in our common experience would be regarded as incidental and helpful to more effective use of the automobile. A radio may provide entertainment

and afford relaxation, but it cannot be regarded as essential to the operation of a car, nor can it, by its continued use, become a necessary part of the equipment. It is conducive to the pleasurable elements incidental to transportation. It cannot be contended that by accession the radio becomes a part of the bulk or mass property of the automobile.

The application of accession became widely recognized by the English Common Law. The riparian owner gained title by accession to land which had been cast up by the waters of the stream. The increase of the soil or his herd became security for the debt of the mortgagee, and in certain types of cases the increased value of goods so converted and altered became the property of the original owner. It was in pursuance of that principle that the English courts held that one might recover the barrel staves made of timber taken from his land. Certain rules grew up and developed which determined the right of the owner to claim his property under the theory of accession and how far he could go in his claim as to the value of the property at the time of the conversion.

As was true in many other principles of law, the same rules and tests which were applied to the older group of interpretations were carried over into the more modern field of chattel mortgages, and the same underlying principle is applied even when we concern ourselves with the latest scientific and mechanical inventions which could not have been in the contemplation of those who had considered and laid down rules and principles of law.

When courts were faced with the problem of determining whether accession gave the mortgagee the chattel and its new part, its repairs or its added value by virtue of the labor of the mechanic, they used rules of identification of the addition, separation without permanent damage or injury, relative values, etc. Under the Title Accession, Section 2; Repairs in 1 C. J. 384, the comment is made:

"A distinction is to be observed between the making of a new article and the repairing of an old one. Ordinary repairs upon a personal chattel become a part thereof, by accession, and this rule has been held to apply even where the value of the repairs greatly exceeds the value of the original article; but the rule is otherwise where the repairs consist of parts which can be be identified and severed and it is agreed that title thereto, shall remain in the person making such repairs until they are paid for."

The addition of a radio, an instrument for entertainment, information and education, to an automobile, which is, in its broad analysis, a means of transporting goods and persons, is not a repair. It is an identifiable part which can, without injury to the automobile, be severed and removed without reducing its efficiency as an automobile.

The theory of accession was emphasized by the court in the case of **Continental Finance Co v Gold Seal Tire Co, 6 Abs 26.** The court seems to emphasize the fact that in that case the tire company authorized, consented to and even knew the tires were to be placed on the mortgaged automobile.

It is our view that Judge Martin, in a well considered opinion in the case of **Rite Credit Tire Co v A. B. Williams Auto Sales Co, 10 Abs 428,** which case was tried in the Municipal Court of Dayton and decided August 12, 1931, saw the fallacy and weakness of that argument. The judge presented an exhaustive and very ably reasoned analysis of the entire matter and recognized the weakness and danger of following the logic of the Gold Seal Tire Company case.

He followed the view as set down in the case of Fosdick v Schall, 99 U. S. 235, which adopted the view that:

"A mortgage intended to cover after-acquired property can only attach itself to such property in the condition in which it comes into the mortgagor's hands, and hence the mortgagee will take it subject to all prior or superior liens. Hence a mortgage of property thereafter to be acquired will not have priority over the rights of a vendor retaining title under a valid conditional sale of such property, since the mortgagor acquires no title thereto." Corpus Juris, Vol. 11, page 647.

The court is of the opinion that since the vendor retained his title by virtue of the provisions of a valid conditional sales agreement, the purchaser of the radio certainly could not give to the Northern Finance Company a better title than he himself had and that the radio as affixed to the automobile was and did remain the property of the plaintiff radio company.

The court, therefore, finds that the plaintiff has the right of property of the radio.