## Kauffman v. Nelson, Appellant.

*Negligence—Automobiles—Alighting from street car—Duty to look.*

1. Where a passenger alights from a street car, it is his duty to look where he is going, and not to rush blindly into danger. Such a person is not relieved from the charge of contributory negligence if without looking he takes two steps from the car and then suddenly seeing an automobile, stops and is run down and injured.

2. It is the duty of a person operating an automobile who sees a street car standing at a regular stopping place, to exercise very great care in passing it, to avoid injury to persons going to or from it.

Argued March 8, 1909. Appeal, No. 267, Jan. T., 1908, by defendant, from judgment of C. P. Franklin Co., Dec. T.,

1907, No. 38, on verdict for plaintiff in case of Marie Kauff-
man v. Thomas M. Nelson. Before FELL, BROWN, MESTRE-
ZAT, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before
GILLAN, P. J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented the following points:

3. If the jury believe from the evidence that when the
plaintiff stepped from the car she failed to look whether a
vehicle was approaching, and that, with the automobile
coming toward her plainly in her view, if she chose to look,
she took the risk of getting across the street in front of it,
she was guilty of such contributory negligence as will defeat
her recovery in this case. *Answer:* That point is not affirmed
as written. If, however, the plaintiff saw the vehicle com-
ing and by standing still could have avoided it, but chose
to cross the street immediately in front of it, she was guilty
of contributory negligence and cannot recover. [1]

4. If the jury believe from the evidence that when the
plaintiff alighted from the car the automobile of the defend-
ant was approaching her at a distance from her of twenty to
thirty feet, or thereabout, and in her plain and unobstructed
view, if she chose to look, it was negligence in her under such
circumstances to attempt to cross the street in front of the
automobile, if the jury further believe that by standing at
the foot of the car steps the automobile would have passed
her in safety. *Answer:* That point is affirmed. If you be-
lieve that she saw the automobile coming, and by standing
still when she saw it, it would have passed her without strik-
ing her, she was guilty of contributory negligence; but you
will remember the testimony; what she says about it, and
what the others say about it. [2]

Verdict and judgment for plaintiff for $4,666.95. Defend-
ant appealed.

*Errors assigned* among others were (1, 2) above instruc-
tions, quoting them.

*O. C. Bowers,* with him *J. R. Ruthrauff* and *W. O. Nicklas,* for appellant.—Plaintiff having voluntarily placed herself in a position of danger, and having taken the risk, after seeing the automobile comparatively close upon her, of crossing the street in front of it, and there being no conflict of testimony as to this, we submit that the question of her contributory negligence was one of law for the court and not one of fact for the jury, and that the court should have given binding instructions in favor of the defendant: Gray v. Traction Co., 198 Pa. 184; Tyson v. Union Traction Co., 199 Pa. 264; Flanagan v. Railway Co., 163 Pa. 102; Greer v. Tyson, 185 Pa. 356; Baker v. Fehr, 97 Pa. 70.

It was the duty of the plaintiff to look out for approaching vehicles when she stepped from the car into the street: Harris v. Commercial Ice Co., 153 Pa. 278; Baker v. Fehr, 97 Pa. 70; Schmidt v. McGill, 120 Pa. 405; Hennessey v. Taylor, 189 Mass. 583.

*William S. Hoerner,* with him *Sharpe & Elder,* for appellee.—The case was properly submitted to the jury: McCracken .v. Traction Co., 201 Pa. 378; Baker v. Fehr, 97 Pa. 70; Schmidt v. McGill, 120 Pa. 405; Hennessey v. Taylor, 189 Mass. 583; O'Brien v. Lavin, 11 Pa. Dist. Rep. 729; Christian v. Commercial Ice Co., 3 Pa. Superior Ct. 320; Railway Co. v. Hudgins, 7 L. R. A. (N. S.) 152; Shaffer v. Coleman, 35 Pa. Superior Ct. 386; Bodge v. Philadelphia, 167 Pa. 492; Gregory v. Slaughter, 8 L. R. A. (N. S.) 1228; Simeone v. Lindsay, 65 Atl. Repr. 778.

OPINION BY MR. JUSTICE FELL, June 22, 1909:

This action was to recover for injuries alleged to have been caused by the negligence of the defendant in driving his automobile. The plaintiff got off the rear platform of a trolley car that was standing at a regular stopping place, but not at a street crossing, in Chambersburg. The distance between the car steps and the curb was fifteen feet. What the plaintiff did after she had stepped from the car is left by the testimony in her behalf in some doubt. She testified that

she left the car with a "swinging step" and walked directly towards the foot pavement; that she first saw the automobile after she had taken two steps in the street and was five or six feet from the car, and it was then fifty or sixty feet away and approaching the front of the car; that she would have reached the pavement in safety if the automobile had been kept in a straight course, but that it was turned towards the curb, and it struck her as she was stepping on the pavement. At one time she said that she did not look at all to see whether anything was coming on the street until she had taken two steps after alighting from the car; and at another time she said that she looked at the automobile and at the curb as she was taking these two steps to see whether she could get across. Her witnesses testified that the automobile was within twenty or thirty feet of her as she stepped from the car and that after taking two steps she halted or hesitated and looked back over her shoulder. They confirmed the defendant's account of the matter, which was that, when the plaintiff stepped from the car and advanced directly in front of his automobile, he turned towards the car in order to pass behind her and that, when she hesitated and indicated by her movements that she was going back towards the car, he turned in the opposite direction towards the curb.

Under all the testimony the case was for the jury, and the only question to be considered is whether there was error in the instruction under which it was submitted. The points for charge, recited in the first and second assignments of error, raise the question of the duty of the plaintiff to look for an approaching vehicle when she stepped from the car to the street. The answers to the points relieved her from all duty to look and made her chargeable with contributory negligence only if she saw the automobile and by standing still could have avoided injury. The answers of the court do not correctly state the law. It was the duty of the defendant, who knew the car was at a regular stopping place, to exercise very great care in passing it to avoid injury to persons going to or from it. A high degree of care is required of the driver of a vehicle in passing a car which has

stopped to receive or discharge passengers, but others are not relieved from the obligation of attention and care. There rested also upon the plaintiff the duty to look where she was going and not to rush blindly into danger. The duty to look and to exercise care and vigilance rests at all times upon everyone in the use of streets. In Harris v. Commercial Ice Co., 153 Pa. 278, it was said by the present chief justice: "People are not entitled to walk the streets with closed eyes and inattentive minds. There is no situation in life, involving danger whether much or little, in which the law does not require a due and proportionate amount of care and attention. Even on a city street a man must heed what he is doing and where he is going, or he cannot complain of the consequences. This is the rule even on the sidewalk, Robb v. Connellsville Borough, 137 Pa. 42, and when he steps into the cartway he is equally bound to remember that horses and vehicles have also a right of way there, to which he must give due attention or he will be barred of complaint as to the consequences." An instruction that relieves the plaintiff from the duty of looking and holds him responsible only in case he saw cannot be approved.

The first and second assignments are sustained, and the judgment is reversed with a venire facias de novo.