## TAXICAB CO. OF MEMPHIS v. PARKS.

(Circuit Court of Appeals, Sixth Circuit. March 4, 1913.)

### No. 2,297

MUNICIPAL CORPORATIONS (§ 706*)—STREETS—USE BY TAXICABS—INJURY TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

Plaintiff, having alighted from the front right-hand door of a street car at a street intersection, was struck by one of defendant's taxicabs, which was overtaking and passing the street car at a rapid rate, before plaintiff could reach the curb. One side of the taxicab was within two feet of the curb, and there were but eighteen inches between the other side of the cab and the side of the car. *Held*, that a request to charge that if plaintiff did not look to see whether there was any vehicle coming, or, looking, saw the taxicab, and nevertheless started to cross in front of it, he was guilty of contributory negligence, was properly refused for failure to take into consideration the fact that plaintiff might have found himself in a place of apparent peril, where a prudent man might have thought the safest thing to do was to attempt to reach the curb.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Action by Robert W. Parks against the Taxicab Company of Memphis. Judgment for plaintiff, and defendant brings error. Affirmed.

Trezevant, Bartels & Trezevant, of Memphis, Tenn., for plaintiff in error.

Caruthers Ewing, of Memphis, Tenn., for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DENISON, Circuit Judge. Parks, as plaintiff below, recovered a judgment against the Taxicab Company for personal injuries resulting from the negligent driving of one of the defendant's taxicabs. The street car on which Parks was a passenger had stopped at the further side of a street intersection, and Parks alighted from the front, right-hand door. Before he reached the curb, he was struck by a taxicab, which was overtaking and passing the street car, and (as plaintiff testifies) was running very fast.

The Taxicab Company, conceding that the meritorious questions of fact were decided against it by the jury and that the charge of the court was generally correct, complains solely that the court refused the defendant's requested instructions on the subject of contributory negligence. These instructions were, in substance, that if plaintiff, before starting to cross the space from the street car to the curb, did not look to see whether any vehicle was coming, such failure to look was of itself contributory negligence which would bar the recovery; and that, if he did look, saw the approaching taxicab, and nevertheless tried to cross in front of it, then, again, a recovery would be barred.

To support its position, the Taxicab Company relies upon the familiar rule which puts upon a pedestrian about to cross a city street some duty of care in the matter of looking out for approaching vehicles (Elliott on Roads and Streets, pp. 667, 668), and especially relies upon Kauffman v. Nelson, 225 Pa. 174, 73 Atl. 1105, in which this rule is applied to one who has alighted from a street car and is about to cross to the curb. We think it unnecessary to consider, in detail, the line of such cases, or to examine whether the Pennsylvania case, upon its facts, seems rightly decided. They all, either in express terms or by necessary implication, include, as an element of the situation, the fact that plaintiff was in a place of safety, and from that place stepped into the danger zone. In the instant case, although one side of the passing taxicab was within two feet of the curb, yet there was not more than eighteen inches between the other side of the cab and the side of the street car; indeed, perhaps even this space was lessened by the projecting car step or door. From this physical situation it follows that, unless plaintiff was bound to look back down the street before he stepped from the car to the pavement (and this is not claimed), it may well be that when he saw the cab coming, if he did see it, he found himself in a place of apparent peril where a prudent man might have thought the safest thing to do was to attempt to reach the curb. The same considerations would apply to the supposition that he did not look. This condition is not included in either of defendant's requests on the subject; and, for that reason, if for no other, their refusal was not error. Defendant was entitled to appropriate instructions on this subject, but its requests went too far.

The judgment is affirmed, with costs.