ROSS *v.* WEST.

(Division B. May 5, 1947.)

[30 So. (2d) 310. No. 36453.]

**Albert Sidney Johnston, Jr.,** of Biloxi, for appellant.

**Howard A. McDonnell** and **John Sekul,** both of Gulfport, for appellee.

6

**Griffith, P.J.**, delivered the opinion of the court.

Appellee was the plaintiff in the trial court. She was about thirteen years old at the time of the injury here involved. About noon, on September 7, 1944, she took passage on a street bus on Howard Avenue, in the City of Biloxi, to be transported to the intersection between said avenue and Seal Avenue to the west. When the street bus reached the corner of aforesaid, it came to a stop near the curb on the right-hand side of Howard Avenue, and approximately three feet before reaching Seal Avenue. Appellee's home was on Seal Avenue to the south of Howard Avenue. When the bus stopped at the intersection aforesaid, plaintiff and her brother left the bus and she hastened around the front of the bus and into Howard Avenue intent on her way home. When about four feet into Howard Avenue south of the south front of the bus, a taxicab driven westwardly on Howard Avenue by an employee of appellant, without reducing its speed or otherwise exercising due caution for pedestrians, but proceeding without warning at a rate not less than 25 miles per hour, ran past the standing bus, struck the child and hurled her through the air for a distance of seven or eight feet beyond Seal Avenue, severely and permanently injuring her. There was ample evidence to sustain finding of the facts as stated. The jury returned a verdict in her favor for $1,500.

When any person is directing or is in control of any moving force which by its nature possesses the potency of injury to another, the actor must use care to avoid that injury, so far as same may be reasonably foreseen as something likely to happen if such care is not taken by him. This, as a matter of course, is applicable to those who use the streets and other public highways, there

being therein no personal proprietorship and all have rights in the common use.

The courts, with unanimity, have applied the stated principle by prescribing it as a duty on the part of the operators of motor vehicles to use anticipatory care in passing a street car when the car is temporarily standing while passengers are boarding, or alighting from it. They have recognized that such a situation presents a plain hazard that those alighting or hastening to get aboard are likely to place themselves in the path of a passing motor vehicle,—something plainly to be foreseen by the operator of the passing automobile or truck. Babbit Motor Vehicles, 3d Ed., Sec. 1894; 5-6 Huddy Automobile Law, Secs. 24, 25.

There has not been the same unanimity in prescribing the degree of care, various expressions being used; some that ordinary care is required; others that there must be reasonable or due care; others that unusual care must be taken; and still others have said, as was held in Kauffman v. Nelson, 225 Pa. 174, 73 A. 1105, that it is the duty of a driver of an automobile who knows that the street car is standing at its regular stopping place to use very great care in passing it to avoid injury to persons going to or from it. We think that the weight of authority supports the rule of due caution. See the numerous cases cited 5-6 Huddy Automobile Law, 9th Ed., in note 17, Sec. 24. And it is interesting to note that our statute on that subject, Section 8205(b), Code 1942, adopts that rule.

The statutes, decisions, and texts to which particular references have been made deal with the conduct of motorists in passing a street car, when the latter has stopped to take on or discharge passengers. There is therein no mention of street busses, although largely throughout the country and in all the cities and towns in this State, these have lately superseded or taken the place of the electric street car. By the same course of legal development which has proceeded by analogy

from that which governed carriages and stage coaches to the railroad law, and from both to the automobile law, we may now safely apply, in a reasonable measure, the rules which have prevailed in the matter of the passing of street cars to the same subject so closely allied, that is to say, as regards the measure of care required of a motorist in passing a street bus when and where this mode of public conveyance has taken the place of the street car.

It is our judgment then that the rule is to be stated substantially as follows: When a street bus has stopped at a street intersection or at any regularly designated point for the purpose of receiving or discharging any passenger, a motorist who passes it must anticipate the likelihood that some person in leaving the bus or hastening to reach it may place himself or herself within the path of the passing vehicle, in view of which the speed of the latter must be so controlled and otherwise such due caution must be taken by the driver thereof as that injury to the person or persons mentioned shall be avoided, if reasonably it may be done by the exercise of the required precautions.

In that view of the present case the instructions complained of were not erroneous, and, as already mentioned, the evidence was sufficient to sustain the verdict of the jury.

As to contributory negligence about which appellant has had much to say in his briefs, it is necessary only to note that he obtained an instruction that the jury must reduce the damages allowed in such proportion as the plaintiff by her negligence contributed to the injury; and it is manifest that the jury freely followed that instruction else the verdict would have been much larger in view of the serious injuries inflicted, and about which there is no dispute.

We have examined all the assignments and find none sufficient to work a reversal.

Affirmed.