PEDRO CASTRO LÓPEZ, Plaintiff and Appellant, *v.* TRANSPORTATION AUTHORITY AND THE GREAT AMERICAN INDEMNITY COMPANY, Defendants and Appellees.

No. 10300.   Argued February 5, 1951.—Decided April 26, 1951.

*Romany & Romany* for appellant.   *R. Rivera Zayas, G. Rivera Cestero,* and *Milton F. Rúa,* for appellees.

Mr. Chief Justice De Jesús delivered the opinion of the Court.

On September 9, 1949 and sometime between three and four o'clock in the evening the appellant was travelling along Ponce de León Avenue in an independent bus towards San Juan. When it reached Stop 26 and at the regular place to receive and discharge passengers, the vehicle stopped and the appellant came down on the North sidewalk of the avenue. Before the bus started up again, the appellant, in order to get to the opposite sidewalk, passed in front of the vehicle and was run down by another bus of the Transportation Authority which just then passed in the same direction. The latter passed at a distance of from 1 to 1½ foot from the independent bus and after the accident, it came to a stop at a distance of 2 feet from the other bus. The appellant suffered serious injuries and to recover damages he brought this suit against the Transportation Authority and its insurer, the Great American Indemnity Co.

The lower court, on the merits of the evidence, dismissed the complaint on the ground that plaintiff's negligence had been the proximate cause of the accident.

There is no controversy as to the facts. The only question for decision is whether, the accident having occurred as stated, the appellant is entitled to a judgment for the personal injuries he sustained.

■ Appellant's proposition rests on the theory that he was not negligent in leaving the sidewalk and trying to cross to the opposite side, since, having alighted from a bus which was still standing in order to discharge and take on passengers, he was entitled to expect that any vehicle coming in the same direction as the bus would stop on approaching the latter, or at least its driver would take proper precautions to avoid injuring any passenger alighting from the bus in order to go to the opposite side of the avenue.

Section 17 (*h*) of the Automobile and Traffic Act of April 5, 1946 recites:

"On approaching a street car or an intersection or junction of road leading to a schoolhouse, during the hours when pupils are likely to be entering or leaving the building, speed shall be reduced and due warning shall be given with the signaling device. *The same precautions shall be taken on approaching a street car which has stopped to discharge or take on passengers.*" (Italics ours.)

It will be noticed that § 17(h) just copied refers by its own terms to streetcars and not to busses. Several years ago the last streetcar operating in the metropolitan zone disappeared from Puerto Rico and for many years prior to the approval of the Automobile and Traffic Act now in force, the great majority of the passengers in said zone were transported by bus. The rails of the electric streetcar operating in the metropolitan zone were laid out along one of the sides of the public streets through which it travelled, and like its competitor, the bus, it discharged and received passengers on the side nearest to the sidewalk. This circumstance virtually likened streetcars to busses for traffic purposes. And if we consider that both means of transportation served the same end and that there is no ground whatsoever to think that the legislative purpose was to protect a few of the passengers travelling throughout the urban zone against traffic accidents and to deny the same protection to the rest, it may be easily understood that the legislative intent in using the term "streetcar" in the aforesaid § 17(h), was to include busses within said concept for the purposes of the Automobile Traffic Act. With § 17(h) thus construed, we shall now proceed to apply its provisions to the facts herein.

The aforesaid Section only requires that on approaching a streetcar in the aforesaid conditions, the driver of an automobile shall reduce the speed giving due warning with the signalling device. [3] Under those circumstances the pedestrian who alights from a bus to a safety place such as the sidewalk, has no right to presume that because he does not hear the signaling device, an automobile can not, although

at a reduced speed, pass by the side of the standing streetcar and injure him. What results from the Act is that an automobile driver who does not comply with the provisions of § 17 (h) is negligent; but this does not authorize the passenger to fail to take every precaution which a reasonable person would take upon proceeding to cross a public street. And if the passenger does not take such precautions and thus contributes to the accident, he is guilty of contributory negligence and consequently is not entitled to compensation. [4] In the present case, we can take judicial notice that Ponce de León Avenue is a public street where traffic is heavy, [5] so that any reasonable person realizes the great danger he undertakes upon attempting to pass around the front of a standing bus without first looking whether any other vehicle is coming behind the bus which might run him down when he enters the lane along which said vehicle is going. [6] As we have seen, the Transportation Authority bus was going at a moderate speed and although it passed at 1 or 1½ foot from the independent bus, this does not mean that its driver was negligent, for considering the width of said vehicles and of the lanes through which they must travel, it could not be required to pass at a greater distance without stepping over the lane corresponding to the vehicles going in the opposite direction. Undoubtedly, had the plaintiff, before rushing to the danger zone, looked towards Río Piedras upon reaching the left side of the bus, he would not have left the safety place on which he was standing, for he could have easily seen the approaching bus of the Transportation Authority. [7] We concede that the chauffeur of the Transportation Authority did not comply with the requirement of giving warning with the signalling device and was therefore negligent. But this negligence was not the only cause of the accident, for plaintiff's negligence in failing to take the precautions which a reasonable person would have taken within said circumstances, also concurred as a cause of the accident.

The appellant, in support of his theory to the effect that the plaintiff was entitled to expect that no other vehicle would pass the bus while the latter was standing, cites various cases giving special emphasis to *Ross* v. *West*, 30 So. 2d 310 (Miss., 1947) and in *Manor* v. *Gagnon*, 32 Atl. 2d 688 (N. H., 1943). In the case of *Ross* v. *West*, a girl 13 years old who was travelling in a bus left the latter and going around the front thereof attempted to cross the street, being struck by a taxi going in the same direction as the omnibus which had brought her. The taxi traveled at a rate not less than 25 miles per hour and used no signalling device. The plaintiff obtained a verdict for $1,500 and the owner of the taxi appealed. On appeal the defendant insisted that the court *a quo* had not taken into consideration plaintiff's contributory negligence. On affirming the judgment, in answer to appellant's argument, the court said that the cout *a quo* had instructed the jury with respect to contributory negligence and that undoubtedly the jury took this into consideration when it brought in a verdict for $1,500 only, despite the serious injuries she sustained. In other words, if the doctrine of comparative negligence [1] had not existed in Mississippi, the complaint would have been dismissed because of contributory negligence. And in the case of *Manor* v. *Gagnon*, it was held that, since the statute required automobiles to stop upon approaching a motor bus or other vehicle used for the purpose of transporting passengers, automobiles were bound to slow down and if it were necessary to come to a full stop in order to avoid injuring the persons alighting from the bus; and since the plaintiff was not guilty of contributory negligence, she had the right to rely on defendant's compliance with the statutory provision which expressly ordered him to stop the vehicle if necessary. But we must not lose sight of the fact that the above mentioned § 17(*h*) does not require the driver approaching a streetcar to stop his vehicle.

---

[1] Annotated Code of Mississippi, Title 10, Chapter 3, § 1454.

*Branigan* v. *Demarest*, 160 Atl. 319 (N. J., 1932), is perfectly applicable to the instant case. There a bus had stopped at the intersection of two streets in order to discharge and receive passengers. The plaintiff, who was either the first or second to alight from the bus, passed in front thereof, from right to left and just as she was coming out from the front of the bus into the pedestrian's lane, she was struck by a taxi owned by the defendant. Plaintiff's evidence was to the effect that when she started to walk in front of the bus she looked to the right and when she got to the left side thereof she looked left and at that very moment, when already in the pedestrian's lane, she was struck by a taxi coming in the same direction as the bus, one foot away from the left side of the latter, at a speed of 20 or 25 miles per hour and without giving warning with the signalling device, as the defendant himself admitted. Based on this evidence, the court dismissed the complaint by virtue of a motion for nonsuit. On appeal, the judgment was affirmed on the ground of contributory negligence. The court recognized plaintiff's right of way over the defendant—who was going in the same direction as the bus—to cross the street and to expect that the defendant would take every precaution required by the Traffic Act in order to avoid injuring her. But it added that this right of the plaintiff did not relieve her from her legal duty to use reasonable care to avoid being injured by a vehicle the driver of which had disregarded her right of way in passing; that just as the defendant was required to look out for the personal safety of pedestrians crossing in front of the bus, these, in their turn, were required to exercise due care in order to ascertain, before crossing the street, that no vehicle whatsoever, which might injure them, was coming to the left of the bus.

■ We agree with the appellant that in the present case the lower court erred in deciding that the accident was due to plaintiff's exclusive negligence. It can not be doubted that

the chauffeur of the Transportation Authority was negligent in failing to give warning with the signalling device; but plaintiff's negligence in not exercising the care which a reasonable person would have exercised within the circumstances, concurred in said negligence. But as the appeal is taken from the judgment and not from its grounds and the result of the former is correct, it will be affirmed.

